No. 3239

Second Circuit

## HEARD ET AL. v. NOBLE AMERICAN CREOSOTE WORKS, INC., INTERVENOR AND THIRD-OPPONENT

(June 28, 1928. Opinion and Decree.)
(November 8, 1928. Rehearing Refused.)

Henegan and Gaharan, of Jena, attorneys for plaintiffs, appellees.

Moss and Moss, of Winnfield, attorneys for intervenor third-opponent, appellants.

### STATEMENT OF THE CASE

REYNOLDS, J. Plaintiffs, Agnes Heard, Jeff Heard, John Heard and Jim Heard, sued defendant, James P. Noble for the sum of $1107.51, and interest thereon at 5 per cent per annum from judicial demand, as the price of certain timber sold by them to him to be converted into cross-ties and paid for at the price of $3.00 per thousand feet, board measure; the footage to be ascertained from the scale of the ties when manufactured.

They alleged that they had sold him timber from which he had manufactured about 16,000 ties and that he had failed to pay for the timber contained in 12,197 of the ties which were then on the right of way of the Louisiana & Arkansas Railway Company at or near the town of Jena, Louisiana, and that $1107.51 was owing to them for the price of the timber contained in the 12,197 ties.

They further alleged—

"* * * that the said James P. Noble has agreed to sell the above described crossties to the American Creosote Works of Winnfield, Louisiana, and in fact is informed and on such information alleges that the purchaser has made and advanced payment to the said Noble on said crossties and your petitioner verily believes that the said cross-ties will be removed from the Parish of LaSalle before this suit can be prosecuted to judgment."

And they prayed for judgment against James P. Noble for $1107.51 with legal interest thereon and that a writ of provisional seizure directing the sheriff to

seize the 12,197 cross-ties and hold them subject to the orders of the Court.

A writ of provisional seizure issued and the ties were seized.

Defendant, James P. Noble, filed an answer admitting the correctness of plaintiffs' demand and consenting that judgment might be rendered against him as prayed for by them.

The American Creosote Works, Inc., filed an intervention and third-opposition, alleging:

" * * * the said James P. Noble, defendant in this suit, sold and delivered to your petitioner said cross-ties on the days and dates as follows, to-wit:

| | | |
|---|---|---|
| "March 15th, 1927 | | 1180 |
| "March 23rd, 1927 | | 1011 |
| "March 31st, 1927 | | 707 |
| "April 11th, 1927 | | 1296 |
| "April 18th, 1927 | | 1101 |
| "April 25th, 1927 | | 1139 |
| "May 4th, 1927 | | 744 |
| "May 11th, 1927 | | 1174 |
| "May 26th, 1927 | | 1857 |
| "May 31st, 1927 | | 398 |
| "June 7th, 1927 | | 788 |
| "June 17th, 1927 | | 1172 |
| "July 1st, 1927 | | 1323 |
| "Total | | 14890 |

"That your petitioner shipped two thousand six hundred ninety-three (2693) of said cross-ties, leaving twelve thousand one hundred ninety-seven (12197) on the side track of the L. & A. Railroad Company on what is known as the 'Y' in the town of Jena, Louisiana; that your petitioner paid the said James P. Noble for said cross-ties and stamped them with the American Creosote Works brand or mark, and had no notice at the time of purchasing said ties that there was any stumpage due or privilege claims of any nature whatsoever on said ties, and that plaintiffs have no lien or privilege of any kind upon the same."

And it prayed that it be decreed to be the owner of the ties and that the seizure be released and the ties restored to its possession.

The plaintiffs answered the intervention and third-opposition and denied the allegations thereof and prayed that the intervention third-opposition be dismissed.

On these issues the case was tried and there was judgment in favor of the plaintiff, appellee, and against the intervenor third-opponent, appellant, rejecting the demands of the latter and dismissing its intervention third-opposition.

Intervenor third-opponent appealed.

## OPINION

The ties seized under the writ of provisional seizure in this action were seized under a writ of provisional seizure issued in the suit of Martin Francis versus James P. Noble, in which suit the American Creosote Works, Inc., intervened and filed a third opposition, No. 3240 on the docket of this court and this day decided.

In that case the plaintiff sought to assert a laborer's privilege on the ties in controversy to secure the payment of wages earned by himself and others who had assigned their claims to him in making the ties.

In that case we held that the defendant, James P. Noble, had sold and delivered the ties to the intervenor third-opponent before the ties were seized and that intervenor third-opponent had bought them in ignorance of the claims of the laborers, and that consequently the asserted privilege had been lost before the seizure.

The reasons assigned by us in that case for holding that the asserted privilege had been lost require us to hold in this case that the privilege asserted by the

plaintiffs was lost before the ties were seized under the writ of provisional seizure in this action.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that there be judgment recognizing intervenor third-opponent to be the owner of the twelve thousand one hundred ninety-seven (12,197) ties seized under the writ of provisional seizure herein and ordering the writ of provisional seizure dissolved and the ties to be restored to the possession of the intervenor third-opponent.

It is further ordered, adjudged and decreed that the plaintiff, appellee, pay all costs of this suit.