## LOUISIANA OIL REFINING CORPORATION v. HAMMETT (JEFFRIES, Garnishee).†
### No. 4406.

Court of Appeal of Louisiana. Second Circuit.
Dec. 16, 1932.

David B. Samuel, of Shreveport, for appellant.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellee.

DREW, J.

Plaintiff secured a judgment against R. E. Hammett in the sum of $805.35, and caused a writ of fieri facias to be issued and garnisheed J. W. Jeffries, doing business under the trade name of "J. W. Jeffries Lumber Company." Interrogatories were propounded to the garnishee and he answered as follows:

"1. In answer to Interrogatory No. 1, gar-

nishee answers that he had in his possession at the time of the service of the writ of garnishment the sum of $132.05, which amount is due and owing the defendant, R. E. Hammett, for logs purchased from him.

"2. In answer to Interrogatory No. 2, covered by answer to No. 1.

"3. In answer to Interrogatory No. 3, he answers 'No.'

"4. Garnishee further answering, states he is informed and believes that the whole of the amount above set out is due various people for stumpage and labor in the purchase, cutting and hauling of said logs to the mill of garnishee."

Plaintiff then filed a petition alleging that the garnishee's answers were evasive and that it believed there existed a logging contract between R. E. Hammett and garnishee under which contract additional sums will accrue and which are subject to seizure. It alleged it was entitled to have the amount admitted to be due ($132.05) deposited with the sheriff of Caddo parish, and is therefore entitled to judgment against the garnishee because of the evasive nature of his answers, for the full amount of his judgment.

It prayed that the garnishee be ordered to show cause why he should not forthwith deposit with the sheriff the sum of $132.05, and why judgment should not be rendered against him for the full amount of plaintiff's judgment against R. E. Hammett.

The rule issued and was made returnable at 10 a. m. on July 21, 1932. On that day, the garnishee came into court and filed the following answer to the rule:

"Now comes J. W. Jeffries, a resident of your Parish, garnishee herein, and represents to the court that in answer to the rule issued by this Honorable Court on the 18th day of July, 1932, to show cause why he should not deposit the sum of $132.05, which amount he admits in his answer is due and owing R. E. Hammett, the defendant, for logs purchased from him, and also why judgment should not be rendered against him for the full amount claimed by plaintiff herein, and states:

"1. That as mentioned in his answer he is due and owing the sum of $132.05, for logs purchased from defendant, which amount he thought due defendant. and which answer is true and correct. That he is desirous of paying same to the parties entitled thereto.

"2. That garnishee before the service of the writ of garnishment herein, agreed to pay J. T. Merritt and V. V. Whittington, both of Benton, Louisiana, the sums of $29.82 and $15.29, respectively, being the amounts due them for the stumpage contained in the logs purchased from the defendant.

"3. That as set out in said answer, garnishee states that the whole amount of said money, that is, the $132.05 due for logs, is claimed by the following persons, some of whom claim by virtue of liens and privileges and some as owners of the logs delivered to garnishee:

L. G. Hammett, Shelbyville, Texas, lien and privilege for labor and hauling ................... $19.37
A. E. Brown, Natchitoches, La., lien and privilege for labor and hauling ................... 26.67
E. E. Hammett, Bethany, La., lien and privilege for labor and hauling ....................... 23.20
Henry Taylor, Natchitoches, La., lien and privilege for labor and hauling ................... 5.76
T. C. Taylor, Bossier City, La., lien and privilege for labor and hauling ................... 3.76
J. T. Merritt, Benton, La., as owner and privilege for stumpage ....................... 29.82
V. V. Whittington, Benton, La., as owner and privilege for stumpage ................. 15.29
Willis Jefferson, lien and privilege for labor and hauling, Benton, La. ....................... 2.50
Clarence Thomas, Bossier City, La., lien and privilege for labor and hauling............... 6.00

"4. That he tenders herewith said amount of $132.05 in the form of cashier's check.

"Wherefore, he prays that he be permitted to deposit said money under Act 123 of 1922, in the registry of the court and the parties above mentioned be cited to answer hereto as provided by law and make such claims to said money as they may desire, and he be discharged as garnishee.

"And for all necessary orders and general relief."

On trial of the rule, plaintiff abandoned its claim for all, except the $132.05, and the lower court rendered judgment making the rule absolute in so far as it directed the garnishee to deposit forthwith in the hands of the sheriff of Caddo parish the sum of $132.05, said sum to be subject to plaintiff's writ of execution. From this judgment, garnishee has appealed and contends that the lower court erred in not allowing him to deposit in the registry of the court the $132.05, under Act No. 123 of 1922, and have all interested persons cited.

Appellant contends for this right as absolute under the above cited act, which reads in part as follows:

"Section 1. Be it enacted by the Legislature of Louisiana that whenever any person, firm, partnership, corporation, or association of persons shall be in possession of any money, which is claimed by two or more persons, or upon which two or more persons are claiming a lien or privilege, then such person, firm,

partnership, corporation, or association of persons holding said money, may deposit the same in the registry of the District Court having jurisdiction, and shall thereafter be relieved of all liability for the payment of said money on complying with the requirements hereinafter set out.

"Section 2. That whenever any person, firm, partnership, corporation, or association of persons shall desire to deposit money as herein provided, an application shall be presented to the District Judge having jurisdiction, together with the money to be deposited, or a certified check therefor, which application shall be drawn in the usual form of a petition in a civil case, and which shall contain, (1) the name and domicile of the applicant, (2) a full and complete account of how applicant came into possession of said money, (3) the names and domiciles of all persons claiming said money, or claiming a lien or privilege thereon, and the names and domiciles of all persons having an interest in the money deposited, within the knowledge of applicant."

The lower court denied garnishee the right he contends for, for the following reasons: "That the money in dispute was under seizure by the plaintiff and in the court's opinion garnishee had no standing in court to champion the rights of other creditors of the judgment debtor who were not before the court as such."

If the garnishee had the right he contends for, under certain conditions, it is clear that he has not that right under the very allegations of his answer to the rule. He sets out the claims of nine different persons and shows their claims are liens and privileges for labor and hauling, or privileges for stumpage.

Garnishee purchased the logs in question from R. E. Hammett and admits he owes $132.05 for the logs. Act No. 208 of 1908, gives to the laborers, for labor and hauling, a privilege on the logs, and the original owners of the logs who sold to R. E. Hammett, had a vendor's privilege on the logs. Neither privilege followed the logs into a third person's hands. When the logs were sold to Jeffries, the stumpage and vendor's privilege, as well as privilege for labor and hauling, were lost. Heard v. Noble, 9 La. App. 153, 119 So. 479; Union S. & F. Co. v. J. Supple's Sons P. Co., 139 La. 692, 71 So. 749; Roger v. Milliken & Farwell, 150 La. 657, 91 So. 143; Carr et al. v. Crow, 10 La. App. 237, 120 So. 783; Dreyfous v. Cade, 138 La. 298, 70 So. 231.

It is therefore certain that the persons alleged by garnishee to be claiming the money and as having a privilege thereon, did not have any privilege on the logs and could not, under the allegations, have had any privilege on the money in garnishee's possession. The garnishee, under no circumstances, could be forced to pay the alleged claimants. Any claim they might have would be against Hammett and not the garnishee. The money in the garnishee's possession was seized under the fieri facias and garnishment, and where the accounts are of equal nature, the first seizing creditor is entitled to the proceeds, or sufficient thereof to satisfy its judgment.

The claimants alleged by the garnishee have neither garnisheed nor seized the money in the hands of the garnishee.

The judgment of the lower court rejecting garnishee's demand to deposit the money in the registry of the court and have the alleged claimants cited, is correct, as is the judgment ordering garnishee to deposit forthwith in the hands of the sheriff of Caddo parish the $132.05, to be subject to the writ of execution of plaintiff.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed.