LOTTINGER, Judge.
This matter is before us on an appeal taken by the plaintiff, Ernest L. Swinney, from a judgment of the court below which dismissed his suit. The trial judge rendered written reasons for judgment which are as follows:
“This is a suit filed by Ernest L. Swinney against Ira Jones and Coy *105 Kinchen for the sum of $462.90 with reasonable attorney fees in the sum of $250.00, being the balance due on a timber cut and removed .by Ira Jones from the lands of plaintiff and sold by said Jones to Coy Kinchen, in the amount of $922.90.
“According to the stipulation of fact Ernest L. Swinney was the owner of the standing timber which was sold by him to Ira Jones who cut and removed the timber and sold the logs to Coy Kinchen at his mill near Holden, Louisiana. Jones paid Swinney with a check for $922.90 which check was returned for lack of sufficient funds. Subsequently Ira Jones paid the plaintiff $460.00 leaving -the balance of $462.90 remaining unpaid.
“Judgment by default was rendered against the defendant Ira Jones.
“Coy Kinchen first filed an exception of improper parties defendant and of no right and no cause of action. On the same day the defendant Coy Kin-chen, with reservation of his rights under his exception, filed an answer to plaintiff’s petition denying that he was in any partnership with Ira Jones, that he had bought logs in considerable quantities on numerous occasions from Ira Jones and had paid him, and that he had no knowledge that.the plaintiff had not been paid. He further denied purchasing any logs from plaintiff herein.
“The case was submitted to the Court on a stipulation of fact.
“The plaintiff relies largely upon the case of Kennedy v. Perry Timber Co., 219 La. 264, 52 So.2d 847. That case can be differentiated from the case at bar because it turns on a trespass or unlawful cutting or removing of timber. In the case at bar, the plaintiff Ernest L. Swinney was the recognized owner of the timber and he lawfully sold the same to Ira Jones. He further, after the check had been dis-' honored, accepted payment on the check which reduced it almost by half. ’ We do not see, therefore, how the'Kennedy Case could apply to the case at bar.
“Another case, relied on by the plaintiff is Guaranty , [ee] Trust and Safety Deposit Company v. E. C. Drew Investment Co., 107 La. 251, 31 Sp. 736. That case also turns on the question of trespass. A partnership sold, the timber of a third person to an innocent purchaser who cut and removed the timber. The Court held that both the partnership and the purchaser were trespassers because the partnership did not have a title to the timber which was sold in good faith. In this case Ira Jones unquestionably had title to the timber purchased .by him from-the lawful owner, Ernest L. Swinney. ,
“The case of Culpepper v. Weaver Brothers Lumber Corporation, 194 La. 897, 195 So. 349 is similar to the'case of Guaranty [ee] Trust and Safety Deposit Co. v. [E. C.] Drew Investment Co., supra. This case grows out of a trespass although the purchaser of the timber acted in good faith. .
“The same situation holds true in Blanchard v. Norman-Breaux Lumber Co., Inc., 220 La. 633, 57 So.2d 211. That case turned on the proposition of trespass where the proper owner sued for the wrongful cutting and removing of timber.even though the defendant acted in moral good faith but in legal bad faith. We do not see where these cases relied upon by the plaintiff are applicable to the case, at bar.
“The defendant Ira Jones purchased the timber from the record owner and admitted legal owner of the property, the plaintiff. The Court does not know how long Mr. Jones had been dealing with Mr. Swinney in this manner, but he has been in the logging business for sometime and has evidently operated under the same conditions. Mr. Kin-chen purchased the timber in good faith from Jones as he had done in the past and paid him the stumpage. Subsequently, payment of Mr. Jones’ *106 check to Mr. Swinney was refused on account of lack of sufficient funds and the defendant Jones made several payments to the plaintiff on account of the bad check. When he could^ collect no more by amicable means plaintiff filed this suit against Jones and Kinchen. There is no evidence in the record to show any partnership or any joint venture between Coy Kinchen and Ira Jones. Mr. Kinchen was a saw mill operator who purchased logs wherever he could buy them. Mr. Jones was a logger who purchased timber and sold the logs wherever he could find a purchaser.
“The plaintiff has lost his privilege for the purchase price of logs when the logs are sold and delivered to another. Louisiana Oil Refining Corporation v. Hammett [La.App.], 145 So. 38. Carr v. Crow [10 La.App. 237] 120 So. 783.
“In addition the timber was cut and removed prior to August 14, 1953. Suit was filed on November 17, 1953, more than 90 days after the cutting and removing of the timber. LSA-R.S. 9:-4621, 4622. The plaintiff is not urging any privilege upon the logs sold.
“The criminal statute relative to the obtaining by the purchaser of an affidavit from the seller that the stump-age had been paid for is not applicable to a civil suit. We can find no authority that this criminal statute creates a liability on the part of the purchaser for the timber purchased where the stumpage had not been paid except a criminal penalty.
“For these reasons the Court is going to render Judgment in favor of the defendant rejecting plaintiff’s demand and dismissing the suit at his cost insofar as Coy Kinchen is concerned.”
We think the trial judge’s opinion well founded both from a factual and a legal standpoint and therefore adopt it as our own.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.