## A. and J. DENNISTOUN & CO. v. THE NEW YORK CROTON AND STEAM FAUCET COMPANY et al.

The property in the hands of the garnishee, is to be considered as held for the purposes of the garnishment, and it cannot be taken out of his hands to the prejudice of the garnishment. The law does not require that the sheriff shall take actual possession of the property in the garnishee's hands, in order to render the seizure by garnishment valid.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Benjamin* and *Micou*, for plaintiffs. *H. T. Hays*, for appellees. The judgment of the court (*Eustis*, C. J., absent,) was pronounced by

SLIDELL, J. The plaintiffs brought suit, by attachment, against the New York Croton and Steam Faucet Company, and garnisheed *Eadie*, their agent. At the time of the garnishment, he had in his hands merchandise belonging to the company. Judgment was duly obtained against the company, with privilege on the property attached.

While the attachment was pending, *Eadie* transferred to *White & Co.* two notes, proceeding from sales of the property of the company, and certain casks of merchandise, also their property. *White & Co.* were creditors of the company, and agreed to apply the proceeds of the notes and merchandise to pay their claims, and account to *Eadie*, as the company's agent, for the balance, if any.

It is argued, on the part of *White & Co.*, that the attachment did not hold the merchandise in *Eadie's* hands, because, say they, to make a valid seizure of tangible property, it must be taken into actual possession by the sheriff. They cite *Fluker* v. *Bullard*, 2d Ann. 338. *Simpson* v. *Allain*, 7 R. R. 504. *Goubeau* v. *New Orleans and Nashville Railroad Company*, 6 R. R. 348.

The argument improperly confounds the case of ordinary seizure upon *fieri facias* with that of garnishment. In pursuing the latter remedy, the creditor reaches the property of his debtor through the garnishee. By the service of proper process, in the form which the law has prescribed for this particular remedy, the garnishee becomes the custodian of the property for the purposes of the garnishment. The law does not require, for the validity of this species of seizure, that the property should be taken out of the hands of the garnishee. There is an expression in the 257th article of the Code of Practice, which, considered alone, would countenance the opposite doctrine; but it must be interpreted with reference to the other provisions of the code upon the subject of garnishment. See 246, 250, 251, 263, 264. In the case of *Scholefiel* v. *Manlee*, 8 M. R. 507, which occured before the adoption of the Code of Practice, but under a similar legislation, (see act of 1811, Martin's Digest, vol. 1, p. 518, *et seq.*,) the court observed: " We think not only that an attachment in the hands of a garnishee is sufficient to place the property in the custody of the law, but that after the service of such an attachment, the sheriff had no right to go and take the property from the garnishee without a further order of the court." In that case, the garnishee was cited and answered. In the case of *Lapeyre, Harispe & Co.* v. *Carlos Cruzat & Co.*, it was disclosed, by the answers of the

garnishees, that they had notes in their hands belonging to the defendants. It was held, that the garnishee could not be compelled to deliver the notes to the sheriff before judgment was obtained against the defendants.*

We consider the evidence as establishing knowledge on the part of *White & Co.*, when they received the notes and goods from *Eadie*, that the property of the defendants was attached in his hands. They acted, it would seem, under the belief that there was property enough left to cover the claim of the plaintiffs. It turns out, however, that there is a deficit; and their rights, under the assignment from *Eadie*, being acquired with notice, must yield to the antecedent rights of the attaching creditor.

It is therefore decreed, that the judgment of the district court be reversed. And it is further decreed, that the said *W. W. White & Co.* do, within ten days, surrender to the sheriff, the goods and notes confessed by their answer to have been received from *John M. Eadie*, and described in the receipt dated 19th June, 1850, which is of record in this cause, in order that said notes and goods may be, in due course of law, applied to the satisfaction of the judgment in favor of the plaintiffs against the said defendants in attachment; and that, in default of such surrender, the said plaintiffs do recover from the said *W. W. White & Co.*; the sum of three hundred and nineteen dollars and twenty-one cents, with interest thereon at seven per cent per annum, from the 13th day of July, 1850, until paid. It is further decreed, that the costs of the proceedings against said *W. W. White & Co.*, in both courts, be paid by the said *W. W. White & Co.*

*(margin note: DENNISTOUN v. N. Y. CROTON AND STEAM FAUCET Co.)*

---

* NOTE.—This case was decided in January, 1849, and is not reported.