JOHN MARKS & CO. v. J. R. REINBERG —JULIUS FREYHAN, Garnishee.

A garnishee having answered categorically all the questions propounded to him, the penalty imposed
    by the articles 263 and 349 of the Code of Practice cannot be applied to him.
If the plaintiffs have, according to articles 264 and 354, successfully contradicted and falsified the an-
    swers of the garnishee ; the first of the two articles then opposes its authority and fixes the liability
    of the garnishee to the amount proved against him, and by no means to the amount claimed, should
    it exceed the one proved.
Where the evidence does not show an indebtedness to any specific amount, but merely negatives or
    nullifies the answers of the garnishee, he will not be bound.

APPEAL from the District Court of West Feliciana, *Haralson*, J.
    *Collins & Leake*, for plaintiffs and appellants. *Henry Ratliffe*, for
garnishee.

DUFFEL, J. This suit is a proceeding in garnishment under a writ of
*fieri facias* against Julius Freyhan as garnishee.

In answer to the interrogatories on facts and articles, the garnishee denied categorically that he was indebted, or had in his hands any effects belonging to the defendant in execution, Julius R. Reinberg.

Thereupon, on motion of the plaintiffs, the garnishee was notified that on a certain day, his answers would be sought to be contradicted. On the trial, William W. Leake, one of the attorneys of the plaintiffs, testified as follows: "When Mr. Freyhan was answering the interrogatories propounded to him in this case, witness asked him if Mr. Reinberg was not in his employ as clerk, and if he did not owe him anything for his services. He answered that Mr. Reinberg was in his employ as clerk. That he had never made any bargain with him as to what he was to pay him. That Mr. Reinberg had taken goods out of the store, and they might come to as much as he owed him. Witness stated to Mr. Freyhan that it was his duty to inform himself of the fact whether or not he was indebted to Mr. Reinberg; that he was answering interrogatories under oath, and it was as much perjury if he owed him one dollar, or one dime, as if he owed him one thousand dollars. Freyhan replied: what I owe him is so small, that it is no matter. Witness replied: very good." The above testimony is, in the main, corroborated by other witnesses who were present at the occurrence. The attorney of the garnishee, Cyrus Henry Ratliff, says however on his cross-examination: "Thinks he did hear Freyhan say that if he owed him anything, that it was not much, and that it made no matter, or words to that effect; and that what he took out of the store would balance it, or words to that effect."

The plaintiffs contend: "Having successfully contradicted the answers of the garnishee, it is not incumbent on us to show in what amount he is indebted to the defendant. The law very justly makes him responsible for the entire debt."

Is this broad proposition a correct exposition of the law of the case?

The garnishee having, as we have already stated, answered categorically all the questions propounded to him, the penalty imposed by the articles 263 and 349 of the Code of Practice cannot be applied to him.

If it be conceded that the plaintiffs have, as authorized by the same Code, Arts. 264 and 354, successfully contradicted and falsified the answers of the garnishee; the first of the two articles then opposes its authority, and fixes the liability of the garnishee to the amount proved against him, and by no means to the amount claimed, should it exceed the one proved.

Now, in the case at bar, the evidence does not show an indebtedness to any specific amount, but, at best, merely negatives, or nullifies, the answers of the garnishee, thus leaving the plaintiffs' demand unsupported by any evidence.

The penalty incurred by the garnishee, if any, is of a criminal nature.

The judgment of the District Court was in favor of the garnishee.

Judgment affirmed.

VOORHIES, J., absent.