## No. 4939.

### MARY A. DOCKHAM, Wife, etc., *v.* CITY OF NEW ORLEANS. JOTHAM POTTER, Subrogee.

In September, 1872, Potter, subrogee of the judgment styled Josephine Lacoste *v.* Mary Ann Nugent, who is represented as being no other person than Mary Ann Dockham, issued execution and seized under garnishment process the judgment of the plaintiff, Mary Ann Dockham *v.* The City of New Orleans. Before the garnishment proceeding was tried, to-wit, in November, 1873, Mrs. Jane O'Rourke, subrogated to the judgment of the plaintiff against the city, filed a rule for the parties in interest to show cause why the amount of said judgment should not be paid to her.

It is evident that Potter has a right to the judgment in controversy, which is superior to that of the plaintiff in rule, because the seizure under garnishment proceeding was made before the city was notified of the transfer of the judgment to Mrs. O'Rourke, plaintiff in rule. Until this notice was given to the judgment debtor, the transferree was not possessed of the judgment, so far as Potter, a third person, was concerned.

To the objection that the judgment in the case of Josephine Lacoste *v.* Mary Ann Nugent was a nullity, because the agent who confessed judgment was unauthorized to do so, the answer is, that the judgment was consented to by an attorney at law in behalf of Mary Ann Nugent, and his authority was not denied under oath.

It is further objected that the seizure lapsed because the sheriff detained in his hands beyond the seventy days the *fieri facias* upon which the garnishment process issued. This court, finds that the writ was returned and a copy issued by the clerk upon which the seizure continued, in strict compliance with the law. Besides, an irregularity of this kind on the part of the sheriff would not release the seizure nor destroy the lien acquired thereby.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. Kennard, Howe & Prentiss,* for Potter, appellant. *G. Schmidt,* for O'Rourke, appellee.

WYLY, J. In February, 1869, the plaintiff recovered judgment against the defendant for $1000, and on appeal said judgment was affirmed by this court in November, 1872.

In September, 1872, J. Potter, subrogee of the judgment styled Josephine Lacoste *v.* Mary Ann Nugent, issued execution and seized under garnishment process the judgment of the plaintiff against the city of New Orleans.

In answer to the second interrogatory, the Mayor stated that "Mary A. Nugent, wife of Dockham, has a judgment against the city of New Orleans for one thousand dollars, which judgment is now on suspensive appeal to the Supreme Court of the State of Louisiana."

Before this garnishment proceeding was tried, to wit, in November, 1873, Mrs. Jane O'Rourke, subrogated to the judgment of the plaintiff against the defendant, filed the following rule: "On motion of G. Schmidt, attorney of Mrs. Jane O'Rourke, subrogated to the claim of plaintiff, and of John R. O'Rourke, her husband, who joins in this motion for the purpose of assisting his wife, ordered that the city of New Orleans, Henry C. Miller, Esq., and Jotham Potter, subrogated to the claim of Josephine Lacoste, show cause on Thursday, the tenth November, instant, why the city should not pay the amount of the judgment obtained against it in the above suit, say $1000, with five per cent. interest from twenty-seventh October, 1868, and costs."

The court made the rule absolute, requiring the city to pay over to plaintiff in rule the amount of said judgment, less $125 seized by Henry C. Miller in suit No. 3444.

From this judgment Jotham Potter, subrogated to judgment of Lacoste against Mary Ann Nugent, has appealed.

There is no controversy in this court in regard to that part of the judgment in favor of Miller. The contest is between the plaintiff in rule and the appellant.

It is evident that the appellant has a right to the judgment in controversy superior to the plaintiff in rule, because the seizure under garnishment proceeding was made before the city was notified of the transfer of the judgment to Mrs. O'Rourke, plaintiff in rule.

Until this notice was given to the judgment debtor, the transferree, Mrs. O'Rourke, was not possessed of the judgment so far as appellant, a third person, was concerned. Revised Code 2613, 2644.

The plaintiff in rule, however, contends that the judgment of the appellant is an absolute nullity, because the agent who confessed judgment in that case, to wit, the case of Lacoste v. Mary Ann Nugent, was unauthorized to confess judgment for her.

The answer to this is, the judgment was consented to by an attorney at law in behalf of Mary Ann Nugent, and his authority has not been denied under oath. Dangerfield v. Thruston, 8 N. S. 232. It is also objected that the seizure lapsed because the sheriff detained in his hands beyond the seventy days, the *fieri facias*, upon which the garnishment process issued. We find that the writ was returned and a copy issued by the clerk upon which the seizure continued, in strict compliance with the law. Besides, an irregularity of this kind on the part of the sheriff, would not release the seizure nor destroy the lien acquired thereby. Revised Statutes, sections 3415, 3416.

It is further objected that the plaintiff is not a judgment creditor of Mrs. Mary A. Dockham and therefore had no right to seize her judgment against the city of New Orleans; that Mary Ann Nugent, against

whom he has judgment, is not the same person as Mrs. Mary A. Dock-ham.

This defense was not pleaded by plaintiff in rule. It seems to have been set up in this court for the first time. It is true there is not positive proof of the marriage of Mary Ann Nugent to John M. Dockham, as there probably would have been, had the question been raised in the court below; but still we think we are justified from the evidence to conclude that Mary Ann Nugent and Mrs. Mary A. Dockham is the same person. We find in the evidence that Mary Ann Nugent is the daughter of P. S. Nugent, and that Mrs. Mary A. Dockham is the daughter of P. S. Nugent.

In answer to the second interrogatory in the garnishment proceeding, the Mayor of New Orleans states that "Mary A. Nugent, wife of Dockham has obtained a judgment against the city, etc.;" and this was the reply to the interrogatory, "has Mary A. Nugent, wife of Dockham, obtained any judgment against the city, etc." We think the identity of the person is sufficiently established. There are other objections, but they are not of a serious character.

It is therefore ordered that the judgment herein in favor of plaintiff in rule be annulled, and it is now ordered that the city of New Orleans, garnishee herein, pay over to the appellant the amount of the judgment of Mary A. Dockham v. The City of New Orleans, less one hundred and twenty-five dollars, seized by H. C. Miller in suit No. 3444 on the docket of the Fifth District Court. It is further ordered that plaintiff in rule pay costs of both courts.

Rehearing refused.