## No. 7765.

HENRY BUDDIG VS. MRS. LOUISA SIMPSON. E. C. PALMER, GARNISHEE.

33    375
e122   943

Whether or not a garnishee had the *legal* control of the funds of the debtor in attachment, he is liable to the seizing creditor, if in point of fact, he did control such funds and disposed of them after notice of the garnishment.

*Semble* that property of the debtor in attachment, coming into the hands of a garnishee *afte* notice of garnishment, is affected by the seizure.

APPEAL from the Sixth District Court for the parish of Orleans *Rightor*, J.

*Braughn, Buck & Dinkelspiel* for Plaintiff and Appellee.

*Singleton & Browne* and *J. H. Ferguson* for the Garnishee, Appellant:

The levy of an attachment in the hands of a garnishee by a simultaneous seizure with service of interrogatories, copy of petition and citation to answer, only affects or attaches the property, rights, credits and effects belonging to the defendant in the possession and control of the garnishee, or the indebtedness of the garnishee to the defendant at the moment the attachment was levied. Such attachment can have no prospective or retr

spective effect. The levy of such a writ crystallizes the state of affairs existing at the moment the levy was made; and nothing else past or future can be included within that crystallization. To attach any effects belonging to the defendant that may come into the possession or under the control of the garnishee, or any indebtedness of the garnishee to defendant, that may accrue subsequent to the levy of the writ, an entirely new levy or attachment must be made under the same writ of attachment, or a new writ.

A garnishee's answers cannot be traversed and contradicted and he be made liable except by positive written proof, or by the oaths of two witnesses worthy of belief, and then only to the amount of property in his possession or under his control belonging to the defendant, and the indebtedness he may be under to the defendant, but the garnishee cannot be made liable for the judgment against co-defendants having no interest in the effects attached. in his hands.

*Miller, Finney & Miller* on the same side :

The seizure by garnishment acts only on the conditions existing when the service of interrogatories is made.

The debt due by a bank to its depositors is not seized by process served on its president individually.

The garnishee is liable when his answers are disproved only to the amount he is shown by proof to have been indebted, or to have in possession of property.

The opinion of the Court was delivered by

LEVY, J. Henry Buddig, the plaintiff, holds a note drawn by Jeremiah Simpson, deceased, for twenty-five hundred dollars, on which there was a balance due on the 18th of November, 1878, of the sum of one thousand eight hundred and fifty-one dollars and fifty-five cents, bearing interest at eight per cent per annum from that date. Jeremiah Simpson died in this State on the 22d of August, 1878, leaving his widow in community, Louisa Simpson, and two minor children. His property was inventoried as of the value of $13,745 76, of which the widow was entitled to one-half in community; and although he had executed a will, making her his universal legatee, she acquired under this will only one-half of his interest in the community, the other half thereof vesting in his forced heirs, the two minor children. Mrs. Simpson made an unconditional acceptance of the succession, and having been confirmed as natural tutrix of her minor children, was on the 12th of October, 1878, by judgment of the Second District Court of Orleans Parish, put in possession of the estate in her own right as to her interest and as tutrix as to that of her minor children. On the 6th of March, 1879, she executed a power of attorney, constituting Edward C. Palmer, of New Orleans, her attorney in fact, and clothing him with powers to receive and disburse moneys due or which might become due to her, "depositing money in her name and checking upon the same." On the 25th of June, 1879, Buddig instituted suit on the note held by him against Mrs. Simpson individually and as tutrix, and in said suit attached certain property of defendants, and issued garnishment process against Edward C. Palmer, propounding interrogatories to him as to his having in his hands or

under his control, directly or indirectly, at the time of the service of the said interrogatories or at any time since, any monies, rights, credits or other property whatsoever belonging to or due to the said defendants or either of them, in attachment, or in which they have or had any interest in whole or in part, and also as to the existence of any indebtedness or obligation on his part to the defendants, and whether or not "he was obligated, either alone, or together with others in consequence of any sale or exchange or transaction of any kind whatever;" and whether since service of notice of seizure he had any payment, novation or compromise with the defendants or either of them. Service of the interrogatories was made on Palmer on the 25th of June, 1879, and on the 7th of July, he filed in court his answer, in which he replied in the negative to each of the interrogatories. These answers of the garnishee were traversed by the plaintiff, and on the trial of the rule it was disclosed that on the day on which the interrogatories were served on him there was deposited in the Louisiana Savings Bank to the credit of Mrs. Simpson $4427 50, and on that day, after service of the interrogatories and before answer thereto, Palmer drew a draft on the bank or a receipt for the balance of the money ($4427 57) which was to the credit of Mrs. Simpson and transferred it to the credit of F. A. Gibbs, his partner and brother-in-law. This draft, or receipt, was made by Palmer as agent of Mrs. Simpson. It also appears from the evidence that Palmer at that time had, under his control, property belonging to the defendants valued at about $2500, and that he was indebted to her on an account for lumber in the sum of $221 93.

We do not think the attempt of Palmer, in changing on the books of the bank the amount deposited to the credit of Mrs. Simpson to that of Gibbs, can be regarded as justifying Palmer's answers. The interposition of Gibbs was a fraudulent attempt to screen the fund from the just pursuit of creditors. It matters not that he was without authority, under his power of attorney, to check upon or dispose of monies in the bank in the name of Mrs. Simpson, which had not been deposited by himself. He chose to represent himself as agent, he controlled the money as such, and the question as to his right to do so, is one to be settled between Mrs. Simpson and himself. After service of the interrogatories he had the fund under his control and, if for one instant of time, it became affected in his hands by the service of notice. Whether E. C. Palmer was influenced by excess of zeal, by ignorance or wilful design, the suggestions in the traverse, that the answers of the garnishee to all the interrogatories are "evasive, false and untrue," are fully sustained.

The judgment appealed from is affirmed at appellant's cost.

Rehearing refused.