(48 South. 331.)

No. 17,344.

HUMPHREY v. MIDKIFF.

In re OIL CITY IRON WORKS, Limited.

(Jan. 18, 1909. Rehearing Denied Feb. 15, 1909.)

1. PROCEDURE—IN GARNISHING GARNISHEE.
    Interrogatories were propounded. They were answered by an officer of the corporation. They were not satisfactorily answered. They were successfully traversed.

2. GARNISHMENT (§ 87*)—UNEARNED SALARY.
    Although traversed and shown incorrect, it remained that the plaintiff [creditor] was not entitled to the amount claimed.
    [Ed. Note.—For other cases, see Garnishment, Dec. Dig. § 87.*]

3. GARNISHMENT (§ 110*)—UNEARNED SALARY —SERVICE.
    The writ of garnishment has the effect of seizing the property in esse at the date of the service, and it does not reach out and seize un-

earned salary at the date the order to answer is served.
    [Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 231; Dec. Dig. § 110.*]

4. GARNISHMENT (§ 164*)—EVIDENCE—DEBT.
    The testimony does not show that anything was due by the garnishee at the date the proceedings were instituted and service was made.
    [Ed. Note.—For other cases, see Garnishment, Cent. Dig. § 302; Dec. Dig. § 164.*]

5. AUTHORITIES—UNEARNED SALARY.
    Decision cited by plaintiff considered and distinguished from the case. The salary cannot be reached by anticipation. Work to be performed cannot be drawn upon through process of garnishment.

(Syllabus by the Court.)

Action by A. H. Humphrey against H. K. Midkiff. Judgment for plaintiff, and the Oil City Iron Works, Limited, was garnished. Judgment for plaintiff against the garnishee was affirmed by the Court of Appeal, and the Oil City Iron Works, Limited, applied for certiorari or writ of review. Reversed, and judgment against plaintiff annulling the proceedings.

Cline & Cline, for applicant. Gorham & Gorham and Williams & Williams, for respondent.

BREAUX, C. J. This is a garnishment process, in which the plaintiff seeks to hold the garnishee liable for an amount he avers the garnishee owes to the defendant.

The facts are that plaintiff obtained a judgment against the defendant, Midkiff, and in his proceedings to garnishee the indebtedness he alleged that he propounded interrogatories to the defendant, "the Oil City Iron Works, Limited," that were answered by Midkiff, secretary of the company, who was defendant in the original suit of Humphrey v. Midkiff, in which a judgment was rendered against the latter for the amount which plaintiff seeks to recover from the garnishee, alleged debtor of Midkiff.

He was not a disinterested witness, as he was the judgment debtor.

Among other questions propounded, he was asked to say whether defendant paid him (Midkiff, secretary, and plaintiff's debtor) any salary for his services to the company. He answered briefly enough, "No," to each interrogatory, and denied all indebtedness of the company.

Plaintiff, on rule filed by him, traversed the answers, and on the trial of this rule the secretary testified substantially that he was president of the company garnished, that his indebtedness to the company was large, and that in accordance with an agreement entered into some time before the suit he gave his services to the company and credited his indebtedness to the company at the rate of $125 per month, less his actual living expenses, that at the date of the service of the interrogatories the contract was in force, that he has never received any salary from the company except in accordance with the terms of the contract, that his family expenses were paid directly by the company, and at the end of each month the balance remaining between such expenses and the credited sum of $125 was credited on his indebtedness to the company.

The alleged agreement was a subterfuge. It had not been entered into with the company.

The testimony on the traverse impeaches the answer originally given by plaintiff in answer to the interrogatories.

The contention of the garnishee is that the company cannot be held liable in a sum larger than the amount due Midkiff, defendant, by it, the garnishee, at the date of the service of the interrogatories, or, at the most, at the date of the answers of the garnishee.

There does not appear to have been due to Midkiff anything at the date of the service. The claim is exclusively for unearned salary.

The district court decided that the garnishee was liable for the amount for which it became indebted to the defendant after the answers had been made to the interrogatories and up to the time of the trial of the rule to traverse.

The garnishee does not state that the answers were originally proper answers. The garnishee company concedes their incorrectness.

The ground of the garnishee is that they cannot be penalized by rendering a judgment for a larger amount than that due at the date of the service of the interrogatories, and that, as nothing was due at that date, plaintiff has no right to a judgment.

It follows the decree of the district court condemned the garnishee to pay a sum which became due after the writ of garnishment had been served.

The Court of Appeal affirmed the judgment.

The usual preliminary order was issued by this court on the application for a writ of certiorari and review.

The case is now before us on the issues as made up between the parties on the application.

The writ of garnishment in this case was issued in aid of an execution. The purpose of plaintiff in matter of this writ was to seize and apply to the payment of his claim the credits of the debtor in the hands of the garnishee company. The petition, moreover, indicated that it was the intention to garnishee the amount due at the date that the writ was issued.

In the petition plaintiff, judgment creditor, alleged that there "*was in possession of or under the control* of the Oil City Iron Works Company, Limited, rights or credits belonging to the defendant." (Italics ours.)

This referred to an existing right, and not one to be earned by the plaintiff after the petition and interrogatories had been served. If the plaintiff be held to his allegation, he would *not have a right to unearned salary* on the face of the papers. As the garnish-

ee's answers were evasive and untrue, it had the effect of driving plaintiff to the conclusion, we imagine, that he was entitled to the amount earned after the interrogatories had been served.

Unearned salary does not come within the grasp of the writ of garnishment, issued to have salary earned retained in the hands of the garnishee for the benefit of the creditor.

The right of the creditor who seeks to recover the amount of wages is fixed from the moment the garnishee makes answer to the interrogatories. The writ of garnishment cannot be made to do service in securing salaries not earned at the time of the service. If it could be held otherwise, the writ might be held in suspense over the debtor's head for an indefinite time while he is at work.

In any event, the garnishment process should not be used as an agent to collect future earnings. That is not the intention of the law.

We have examined the decisions to which learned counsel for plaintiff invited our attention.

In Buddig v. Simpson, 33 La. Ann. 377, it was decided that property of the debtor falling into possession of the garnishee after notice of garnishment is affected by the seizure. In that decision, different from the present case, the property was in esse at date of service.

In the other case cited the raw material in esse belonging to the debtor in the hands of the garnishee was seized.

The court held that the garnishee must account for the price after it had been manufactured.

This is an extreme case, and it will not always meet with approval as a precedent.

In the pending case it is different. The right to the property was not in esse, and the whole was to be earned by human labor.

Another, and the only other, decision is not, as to the page, correctly cited, and only figures are given.

It would add very much to the certainty of finding a decision, if there be error in the reference to pages in writing or printing briefs, if the title of the case were inserted in citing it, as well as the number.

Plaintiff can gain nothing by the contention that he was entitled to have the interrogatories taken pro confessis.

Though plaintiff, according to article 264, Code Prac., successfully contradicted the answers of the garnishee, none the less the article interposes its authority, and fixes the amount of the liability of the garnishee to the amount proved against him.

It is otherwise if he fails to answer at all. Then the interrogatories are taken pro confessis, and the party becomes liable for the whole amount demanded. Marks v. Reinberg, 16 La. Ann. 349.

Here the liability falls within the terms of the first-cited articles of the Code of Practice.

For reasons assigned, and the law and the evidence being in favor of the garnishee, it is ordered, adjudged, and decreed that the judgment of the Court of Appeal be avoided, annulled, and reversed. It is further ordered, adjudged, and decreed that the judgment of the district court be avoided, annulled, and reversed. It is further ordered, adjudged, and decreed that there be judgment against plaintiff, annulling all proceedings, and that he pay all costs of all courts. The rule nisi is affirmed, and the demand of applicant is granted and made perpetual, at the costs of A. H. Humphrey, plaintiff, respondent.