No. 516

First Circuit

SIMON v. HULSE (LOUISIANA HIGH-
WAY COMMISSION, Garnishee)

(December 3, 1929.  Opinion and Decree.)
(December 30, 1929.  Rehearing Refused.)
(February 3, 1930.  Writs of Certiorari and
Review Refused by Supreme Court.)

Benton & Benton, of Baton Rouge, attor
neys for plaintiff, appellee.

Chas. A. Holcombe, of Baton Rouge, at-
torney for intervener, appellant.

LECHE, J.  Plaintiff obtained a judg-
ment against defendant, in the district
court sitting in and for the parish of
St. Charles, May 7, 1929.  In execution of

that judgment, plaintiff then obtained gar-
nishment process in the district court sit-
ting in and for the parish of East Baton
Rouge on May 20, 1929.  The process was
issued against the Louisiana Highway Com-
mission, and citation and interrogatories
were served on the garnishee on May 21,
1929.  The garnishee answered the inter-
rogatories within the delay fixed by law,
and its answer is to the effect that it
neither holds nor controls any property,
any credit, or any right belonging to plain-
tiff's debtor, S. T. Hulse.  Further an-
swering in detail, garnishee showed that
Hulse had in May, 1928, contracted with it
to build a highway in the parish of Bien-
ville for an estimated price of $43,651.51;
that it had, at the time of service of the
interrogatories, paid to Hulse earned sums
of money amounting to $25,875.28; that the
unearned sums which might become due
to Hulse under the contract, had been as-
signed by Hulse to Ardis & Co. of Shreve-
port, and later to the Union Indemnity
Company of New Orleans, the last notice
of said assignment dated April 27, 1929,
having been received by garnishee pre-
vious to the service of interrogatories.
Wherefore garnishee again asserted that it
owed nothing to defendant S. T. Hulse.

Plaintiff traversed the answers of gar-
nishee and the Union Indemnity Company
intervened in the garnishment process in
order to protect the rights which it had
acquired under the assignment made to it
by Hulse.  So that all who are interested
are now parties to this proceeding.

The district court rendered a judgment
apparently in favor of plaintiff, but con-
taining conditions depending upon future
events, and silent upon the question of
liability for costs.

Both the highway commission and the Union Indemnity Company have appealed.

Articles 239, 241, and 246, Code Practice, define as liable to seizure, by garnishment process, property, rights, and credits belonging to the debtor and held by, or under the control of, third persons. The plain language of these articles, and others on the same subject, indicates that such property, rights, and credits must be in existence at the time of service of interrogatories and no reference is made to property, rights, or credits that might, at some future time, come into the possession of, or under the control of the garnishee. It is hard to conceive how seizure can be made of things that are not yet in existence. In the case of Humphrey vs. Midkiff, 122 La. 939, 48 So. 331, 20 L. R. A. (N. S.) 912, the court holds unequivocally that property, rights, and credits of the debtor in the hands of third persons must be in esse before they may be seized under garnishment process. The decision in Fay & Egan Co. vs. Saw & Planing Mills, 50 La. Ann. 205, 23 So. 312, does not controvert that proposition.

Plaintiff does not, in his rule to traverse the answer of garnishee, charge or prove the falsity of the answer, but seems to rely upon his right to seize a credit which may or may not become due to his debtor in the future. It is our opinion that there is no law to sanction such a proceeding.

For these reasons the judgment appealed from is avoided and reversed, and it is now ordered that the relief prayed for by plaintiff in rule to traverse be denied, and that the garnishee, the Louisiana Highway Commission, be discharged from all liability under this proceeding; all costs of same to be paid by plaintiff.