HALL, Judge.
Boimare Construction Corporation prosecutes this suspensive appeal from a judgment rendered against it as garnishee in garnishment proceedings brought by Sun Sales Co., Inc., in the First Parish Court for the Parish of Jefferson under the provisions of LSA-R.S. 13:3921 et seq. relative to garnishment of wages, salaries and commissions.
On April 25, 1966 Sun Sales Co., Inc., obtained a judgment for $572.46 plus interest and costs against Calvin Hodges in the First City Court for the City of New Orleans.
On June 10, 1966 Sun Sales Co., Inc., caused this judgment to be made executory in the First Parish Court for the Parish of Jefferson, and on the same date obtained a writ of fieri facias and by means of a supplemental petition obtained an order making Boimare Construction Corporation garnishee and requiring it to answer the interrogatories propounded by plaintiff in suit in accordance with law.
On June 23, 1966 the petition, citation and accompanying interrogatories were served on Boimare Construction Corporation together with a notice of seizure. A notice of seizure was likewise served on Calvin Hodges on the same date.
*159 On July 15, 1966 the garnishee, Boimare Construction Corporation, filed its answer to the interrogatories averring, among other things, that Calvin Hodges was in its employ earning $1.60 per hour for 40 hours per week; that there were no prior garnishments affecting his wages, but that Calvin Hodges was indebted to it for $800.00, and this indebtedness was being liquidated by withholdings from his wages at the rate of $60.00 per month.
On July 15, 1966 the attorney for Sun Sales Co., Inc., was notified by the Clerk of Court that the garnishee had filed his answer to the interrogatories.
On August 3, 1967 the Sheriff returned the writ of fieri facias to the Court “unsatisfied.”
On June 13, 1968 Sun Sales Co., Inc., filed a “Rule for Judgment against Garnishee” which was made returnable June 25, 1968. On June 25, 1968 the Parish Judge made the rule absolute and signed a judgment thereon. However on June 26, 1968 the Judge vacated this judgment upon discovering that the garnishee had not been served with the pleadings dated June 13, 1968.
On July 29, 1968 Sun Sales Co., Inc., filed another rule seeking to obtain judgment against the garnishee in accordance with the provisions of LSA-R.S. 13:3921 et seq. The garnishee, Boimare Construction Corporation, filed an exception of no right or cause of action and an answer to the rule, and the matter came on for hearing on August 13, 1968.
The record contains no transcript of the testimony taken on August 13, 1968. However the Trial Judge states in his written “Reasons for Judgment”:
“On August 13, 1968, the parties stipulated that the defendant was still in the employ of the garnishee, and that the garnishee had withheld sufficient funds from his salary so that the debt had been fully liquidated as of April 1967.”
The parties to this appeal agree that the $800.00 indebtedness due by Calvin Hodges to his employer had been fully liquidated as of April 1967, and that Calvin Hodges was still in the employ of Boimare Construction Corporation.
Following the submission of briefs the Trial Judge rendered judgment on September 18, 1968 ordering Boimare Construction Corporation, garnishee, to pay to Sun Sales Co., Inc., 20% of the wages of Calvin Hodges commencing from May 1, 1967 and to continue “said deductions” as long as Calvin Hodges is employed by the garnishee or until the amount of the judgment obtained by Sun Sales Co., Inc., against Calvin Hodges is paid in full provided that said payments shall not encroach upon the amount exempted by law.
The exception of no cause or right of action which the garnishee filed to the rule of July 29, 1968 is based according to its pleadings on the fact “that there has been no judgment, order or decree rendered in these proceedings ordering the said garnishee to withhold from the wages of Calvin Hodges the non-exempt portion thereof and further, ordering the garnishee to pay same to plaintiff.”
The Trial Court very properly concluded that the rule filed on July 29, 1968 “is precisely the means by which plaintiff is seeking to obtain such a judgment and therefore it is not necessary that a prior judgment be obtained in order to permit the plaintiff to recover in this case.”
The appellant garnishee contends that at the time the notice of seizure was served there was nothing for it to attach to since the employee was indebted to it at that time and this indebtedness had the effect of a prior garnishment, citing LSA-R.S. 13:3925.
Appellant further contends that the writ of fieri facias issued on June 10, 1966 expired one year from the date of its issuance under the provisions of LSA-C.C. P. Art. 2294 and that nothing had been *160 seized within that year and consequently nothing was under seizure at the time plaintiff filed its rule of July 29, 1966.
Prior to the enactment of LSA-R.S. 13:-3921 et seq. the Code of Practice permitted garnishment of only the accrued wages owed the defendant-debtor. But under LSA-R.S. 13:3921 et seq. seizure is made under a single garnishment not only of the accrued earnings due defendant for the work he has performed, but also so much of defendant’s future earnings as is necessary to satisfy plaintiff’s claim. Thus when wages are garnished, unearned wages as well as earned wages are deemed to come under the seizure. Under one writ of garnishment and one set of interrogatories both accrued earnings and future earnings are seized. LSA-R.S. 13:3923, 18 La.L.R. 506.
Under the provisions of LSA-C.C.P. Art. 2411 the seizure in garnishment proceedings takes effect “upon service of the petition, citation and interrogatories.” Consequently in the instant case the seizure took effect on June 23, 1966 during the life of the fi fa and the seizure encompassed the future wages of Calvin Hodges up to an amount sufficient to satisfy plaintiff’s claim after satisfaction of the garnishee’s prior claim thereon.
Ordinarily upon the garnishee’s answer to the interrogatories being filed disclosing the pertinent facts relating to the employee’s wages the plaintiff proceeds immediately to obtain a judgment against the garnishee in accordance with the provisions of LSA-R.S. 13:3921. In the instant case the plaintiff delayed doing so for two years. However there is no law specifying the time within which plaintiff must proceed to obtain a judgment other than the five year prescriptive period provided by LSA-C.C.P. Art. 561.
We note t,hat the judgment of September 18, 1968 herein appealed from orders the garnishee to pay plaintiff 2Q% of the wages of Calvin Hodges "commencing from May 1, 1967.” The Trial Judge’s reason for making the judgment ■ retroactive to this date is that the $800.00 indebtedness due the garnishee by Calvin Hodges had been fully liquidated as of April 1967 and Calvin Hodges had at all times been and still was in the employ of the garnishee and that no other garnishments had been filed.
Appellant contends that the employer-garnishee is not required to withhold any portion of the employee’s wages unless and until a judgment is rendered as provided by LSA-R.S. 13:3921 and that pending the rendition of such judgment the employer is required “by virtue of strict labor laws * * * to make prompt and periodic salary payments” to the employee and if he does not do so he is “in serious trouble.”
Although appellant does not spell it out he seems to contend that if a judgment rendered under the provisions of LSA-R.S. 13:3921 is made retroactive the result would be that the garnishee would be obliged to pay the amount of the judgment, or at least to advance the payment thereof, out of its own funds.
In our opinion the seizure of the future wages of the employee took effect upon the service of the petition, citation and interrogatories (LSA-C.C.P. Art. 2411) and that from the moment of such seizure the garnishee became the legal custodian of such future wages and was obliged to hold them subject to the order of the Court. See A. & J. Dennistoun & Co. v. New York Croton and Steam Faucet Co., 6 La.Ann. 782.
We find nothing to the contrary in LSA-R.S. 13:3921 et seq. and have found no statute which necessitates the rendition of a judgment fixing the time when the garnishee must start the withholding. In our opinion the garnishee in this case was obliged to commence withholding the nonexempt portion of Calvin Hodges’ wages for the satisfaction of plaintiff’s claim from the moment the garnishee’s prior claim had been paid and was obliged to continue such withholding subject to the *161 orders of the Court or until such time as the funds so withheld became sufficient to satisfy the seizing creditor’s claim. The garnishment itself afforded full protection to the garnishee against any claim by Calvin Hodges under “strict labor laws.” If the garnishee failed to withhold the funds he was obliged to withhold he must suffer the consequences. We find no error in the fact that the Trial Judge made the judgment appealed from effective as of May 1, 1967.
For the foregoing reasons the judgment appealed from is affirmed, costs of this appeal to be borne by appellant-garnishee.
Affirmed.