237 So.2d 684

**SUN SALES CO., Inc.**

**v.**

**Calvin HODGES et al.**

**No. 50052.**

June 29, 1970.

Rehearing Denied July 30, 1970.

Graham, Graham & Kiefer, Louis B. Graham, J. B. Kiefer, New Orleans, for defendant-appellant.

Walter F. Marcus, Norman A. Pettingill, New Orleans, for plaintiff-appellee.

SANDERS, Justice.

This proceeding raises legal questions concerning the garnishment of wages under LSA–R.S. 13:3921–3928, when the employee has a prior indebtedness to his employer.

On April 25, 1966, Sun Sales Co., Inc., secured a judgment in the principal sum of

$572.46 against Calvin Hodges in the First City Court of the City of New Orleans.

On June 10, 1966, Sun Sales made the judgment executory in the First Parish Court of Jefferson Parish, and on the same date caused a writ of fieri facias to issue. By supplemental petition, Sun Sales made Boimare Construction Corporation garnishee and obtained an order requiring it to answer interrogatories concerning the employment and wages of Hodges.

On June 23, 1966, the petition, citation and accompanying interrogatories were served on Boimare Construction Corporation, together with a notice of seizure. A notice of seizure was likewise served on Calvin Hodges on the same date.

Later, on July 15, Boimare filed its answer admitting that Hodges was in its employ, earning $1.60 per hour for 40 hours per week but averring that Hodges was indebted to it in the sum of $800. It further averred that the indebtedness was being liquidated by withholdings from his wages at the rate of $60.00 per month.

The Clerk of Court immediately notified the attorney for Sun Sales that the garnishee had answered the interrogatories.

On August 3, 1967, the Sheriff returned the writ of fieri facias to the court "unsatisfied."

On June 13, 1968, Sun Sales filed a "Rule for Judgment against the Garnishee." The Court made the rule absolute and rendered

a judgment against the garnishee, but later vacated the judgment after discovering that the garnishee had not been served.

On July 29, 1968, Sun Sales Co., Inc., filed another rule seeking judgment against the garnishee. To the rule, Boimare filed an exception of no right or cause of action, based on the ground no prior judgment or order had issued fixing the non-exempt portion of the wages and ordering the portion withheld. It also filed an answer pleading non-compliance with LSA–R.S. 13:3925 and that there was no outstanding writ of fieri facias to support a garnishment.

The matter came on for hearing on August 13, 1968. According to the trial judge's written opinion, the parties stipulated that Hodges was still employed by Boimare and that his indebtedness to his employer had been fully paid as of April, 1967.

Following the submission of briefs, the trial judge rendered judgment on September 18, 1968 ordering Boimare Construction Corporation, garnishee, to pay to Sun Sales Co., Inc., 20% of the wages of Calvin Hodges commencing from May 1, 1967 and to continue "said deductions" as long as Calvin Hodges is employed by the garnishee or until the amount of the judgment obtained by Sun Sales Co., Inc., against Calvin Hodges is paid in full, provided that said payments shall not encroach upon the amount exempted by law.

On appeal, the Court of Appeal affirmed the trial court judgment. 224 So.2d 157. On application of Boimare Construction Corporation, the garnishee, we granted certiorari to review the judgment of the Court of Appeal. 254 La. 807, 227 So.2d 144.

In affirming the judgment, the Court of Appeal held:

"In our opinion the seizure of the future wages of the employee took effect upon the service of the petition, citation and interrogatories (LSA–C.C.P. Art. 2411) and that from the moment of such seizure the garnishee became the legal custodian of such future wages and was obliged to hold them subject to the order of the Court."

We agree with the Court of Appeal.

Under Article 2411, LSA–C.C.P., the seizure becomes effective upon service of the petition, citation and interrogatories. In a wage garnishment, the seizure includes both accrued and future earnings. LSA–R.S. 13:3923; Comment, Garnishment in Louisiana, 18 La.L.Rev. 446, 506. By virtue of the seizure, the garnishee becomes legal custodian of the wages and holds them subject to further orders of the court. A. & J. Dennistoun & Co. v. New York Croton & Steam F. Co., 6 La.Ann. 782.

The garnishee strongly contends here, as it did in the Court of Appeal, that

the seizure affects no future wages, relying upon the decision of this Court in Humphrey v. Midkiff, 122 La. 939, 48 So. 331. The decision relied upon is no longer ·controlling. The Wage Garnishment Law (LSA–R.S. 13:3921 et seq.), enacted after the decision, brought future earnings within the grasp of the wage seizure.

■■ The garnishee further contends that, because of the employee's prior indebtedness to his employer, the seizure of wages is ineffective until the court fixes the date. It cites LSA–R.S. 13:3925, providing:

"If the employer answering such interrogatories should plead that the employee is indebted unto the employer, the employer shall make a full and complete disclosure of the status of such account, showing the time that the debt was incurred, the exact amount of such debt, the credits applicable thereto, the manner in which this debt is being liquidated, and all other facts in connection therewith and pertinent thereto, whereupon the court may hear evidence affecting such issue and may render a judgment ordering the payment to the employer of the non-exempt portion of such salary, wage or commission at a specified rate in the same manner as if the employer were a judgment creditor having a prior garnishment. *The court likewise shall fix the date upon which the claim should be considered liquidated and the date the garnishment therein sued out shall take*

*effect. It is the intention of this Section that the employer should be treated as one holding a prior garnishment, but limiting the time within which such indebtedness should be considered paid in full in order that other garnishments may attach, the priority of such employer being limited to that time."* (Italics ours).

As we construe the section, it has no pertinence to the effective date of the seizure. That is dealt with elsewhere. See, e. g., Article 2411, LSA–C.C.P. Rather, it deals with the date the garnishment takes effect, after the liquidation of· the employee's debt to his employer. The date fixed is that on which the actual payment of withheld wages to the judgment creditor begins. Hence, the garnishee's contention lacks merit.

■■ In the present case, the seizure of wages became effective on June 23, 1966. The seizure was in effect when the prior indebtedness was liquidated in April, 1967. Therefore, the court properly granted judgment for the payment of the non-exempt portion of the debtor's wages beginning May 1, 1967, unless the Sheriff's previous return of the writ of fieri facias barred the garnishment judgment.

■■ In the absence of a seizure, a writ of fieri facias is effective for a term of one year. If a seizure has been made, it is effective for the additional time required to bring the seizure to a conclusion.

LSA–C.C.P. Art. 2294. In the present case, the Sheriff returned the writ before it was satisfied but after wages were under seizure. Since the return was made after seizure of the wages, it cannot prejudice the garnishment. Egana v. Bringier, 24 La.Ann. 164. See also Dockham v. City of New Orleans, 26 La.Ann. 302.

In Egana v. Bringier, supra, this Court stated:

"It is necessary for the writ of fieri facias to be in the sheriff's hands at the time of the service of the petition and interrogatories, but we are not aware of any provision of the law which makes the duty and liability of the garnishee in such a case or the force of the seizure depend on the retention of the writ of fieri facias by the sheriff."

■ Although delayed, the garnishment judgment complies with the wage garnishment statute, particularly LSA–R.S. 13:3925. The garnishee's complaint that the judgment is retroactive and prejudicial to it is unfounded. The employee's wages were under seizure well before the date fixed for the commencement of garnishment payments.

■ In this Court, the garnishee seeks a judgment for reasonable attorney fees incurred by it in prosecuting the appeal. We know of no statutory authority for such an award. The garnishee cites LSA–R.S. 13:3927. This statute, however, authorizes only a fee for the filing of the answers to the garnishment interrogatories. Hence, the garnishee's demand is rejected.

For the reasons assigned, the judgment of the Court of Appeal is affirmed at the costs of the garnishee-relator.

BARHAM, Justice (dissenting).

Garnishment of unearned, not due, unaccrued, and future wages in the hands of a third party is an unusual exception to the general law of seizures. It is obvious that the Legislature intended to protect the garnishee, which is a forced middleman collector and benefactor without compensation for the creditor, the debtor, and the courts. We should not reach for harsh absolutes detrimental to the garnishee where the statutes by conflict or omission do not literally carry out the Legislative intendment and where we can supply the gap equitably.