PICKETT, Judge.
On September 3, 1969, John R. Grand, Jr., d/b/a Grand-Pelican Furniture Co., secured a judgment in the principal sum of $480.00, together with eight per cent, per annum interest from January 27, 1969, until paid, and an additional twenty-five per cent, on both principal and interest as attorney’s fees against Lawrence J. Kado, Jr., and Julia Kado, jointly and severally, in the City Court of the City of Baton Rouge.
On June 9, 1970, John R. Grand, Jr., d/b/a Grand-Pelican Furniture Co., (Grand) caused a writ of fieri facias to issue for the purpose of executing said judgment. By a supplemental petition, Grand made Garig Warehouse, Inc., (Garig) garnishee and obtained an order requiring it to answer interrogatories relative to the employment o'f Lawrence J. Kado, Jr. (Kado). On June 11, 1970, the petition, citation, and accompanying interrogatories were served on the registered agent and attorney of record for the garnishee, together with a notice of seizure.
On June 11, 1970, Garig filed its answer admitting that Kado was an employee earning $2.75 per hour, and that there were no other garnishments. On June 22, 1970, the court rendered judgment against Garig, the garnishee, maintaining the garnishment. Kado left his employment with the garnishee on or about July 15, 1970. The City Constable collected from Garig the sum of $118.54, which had been withheld by Garig from Kado’s wages. The constable paid this amount, less $5.93 in costs, to Grand; and returned the writ of fieri facias unsatisfied, except for said collection noted above.
Kado returned to his employment with Garig on or about May 19, 1971. But the garnishee, Garig, did not resume making deductions from Kado’s wages as provided *813 in the judgment against the garnishee. However, after Kado returned to work for Garig, the Genera] Credit Plan, Inc., placed a garnishment against Garig, and Garig honored that garnishment.
On October 23, 1972, Grand filed a rule against Garig to show cause on November 16, 1972, why the garnishment of the General Credit Plan, Inc., should not he set aside, until appellant’s judgment had been paid, and to require an accounting by Gar-ig of all funds that it should have paid to Grand since May 19, 1971, the date Kado resumed work for Garig. There was judgment against Grand dismissing the rule and casting Grand for costs. Grand has appealed.
The minutes of the court show that when the above mentioned rule was tried on November 16, 1972, Mr. H. A. Delaroderie testified as follows:
“Mr. R. A. Delaroderie was sworn and testified that Lawrence J. Kado, Jr., resigned on July 10th, 1970, and was rehired on May 19th, 1971. When he was re-hired he did not start honoring City Court garnishment. That there was another garnishment against this man filed when he re-hired him and his records show that he had paid the sum of $650.-64 to date on the garnishment issued out of the 19th Judicial District Court. He has deducted and has not paid anything to anyone the sum of $94.72, which he is holding until further orders of the Court.”
It is admitted that Kado returned to work for the garnishee, Garig, on May, 19, 1971, and that it did not thereafter honor the City Court garnishment.
LSA-R.S. Article 13:3921 provides :
“In every case in which the wage or salary of a laborer, wage earner, artisan, mechanic, engineer, fireman, carpenter, brick-layer, secretary, bookkeeper, clerk, employee on a commission basis, or employee of any nature and kind whatever, whether skilled or unskilled, shall be garnished either under attachment or fieri facias or as otherwise provided by law, a judgment shall be rendered by the court of competent jurisdiction in which the garnishment proceedings may be pending fixing the portion of such wage, salary, commission or other compensation as may be exempt, as provided by law and providing for the payment to the seizing creditor, of whatever sum for which judgment may be obtained, out of the portion of such compensation which is not exempt.”
In Sun Sales Co., Inc. v. Hodges, 256 La. 687, 237 So.2d 684, the Supreme Court held that under the provisions of LSA-C. C.P. Article 2411, a seizure of future wages of an employee took effect on the service of the petition, citation and interrogatories, and in that connection made the following comment:
“Under Article 2411, LSA-C.C.P., the seizure becomes effective upon service of the petition, citation and interrogatories. In a wage garnishment, the seizure includes both accrued and future earnings. LSA-R.S. 13:2923; Comment, Garnishment in Louisiana, 18 La.L.Rev. 446, 506. By virtue of the seizure, the garnishee becomes legal custodian of the wages and holds them subject to further orders of the court. A. & J. Dennistoun & Co. v. New York Croton & Steam F. Co., 6 La.Ann. 782.”
LSA-R.S. Article 13:3923 provides that, “The court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of such judgment, . . . ” But the record does not disclose that any party asked for the discontinuance of the garnishment at any time. It is noted that the constable returned the writ of fieri fa-cias on August 7, 1970. But the established jurisprudence of this State is that once a seizure has been made, it is effective for whatever time that- may be necessary to bring the seizure to a conclusion. LSA-C.C.P. Art. 2294. In commenting on *814 the return of the writ of fieri facias before the conclusion of the seizure in a garnishment proceeding, the Supreme Court, in Sun Sales, Inc. v. Hodges, supra, said:
“In the absence of a seizure, a writ of fieri facias is effective for a term of one year. If a seizure has been made, it is effective for the additional time required to bring the seizure to a conclusion. LSA-C.C.P. Art. 2294. In the present case, the Sheriff returned the writ before it was satisfied but after wages were under seizure. Since the return was made after seizure of the wages, it cannot prejudice the garnishment. Egana v. Bringier, 24 La.Ann. 164. See also Dockham v. City of New Orleans, 26 La.Ann. 302.
“In Egana v. Bringier, supra, this Court stated:
‘It is necessary for the writ of fieri facias to be in the sheriff’s hands at the time of the service of the petition and interrogatories, but we are not aware of any provision of the law which makes the duty and liability of the garnishee in such a case or the force of the seizure depend on the retention of the writ of fieri facias by the sheriff.’ ”
In this case, the seizure of Kado’s wages became effective on June 11, 1970, when the petition, citation and interrogatories were served on the garnishee. LSA-C.C. P. Article 2411. The return of the writ of fieri facias by the Constable did not terminate the effectiveness of the seizure, nor did it relieve the garnishee of its duty and liability. Sun Sales Co., Inc. v. Hodges, supra. The seizure was in effect when Kado returned to the employment of the appellee on May 19, 1972. No action had been taken as provided in LSA-R.S. Art. 13:3923, to have the seizure discontinued. In our opinion from the moment of the seizure of the future wages of Kado on June 11, 1970, and including his wages earned on and after May 11, 1971, the garnishee became the legal custodian of the non-exempt portion of such wages and obliged to hold them subject to the order of the Court.
Appellant’s seizure was in effect when General Credit Plan, Inc., placed its garnishment against the appellee. The appellant, being the first seizing creditor, is entitled to be paid from the non-exempt portion of Kado’s wages the amount of its judgment in preference to General Credit, Inc. Louisiana Oil Refining Corporation v. Hammett, La.App., 145 So. 38.
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now rendered in favor of appellant, John R. Grand, Jr., d/b/a Grand-Pelican Furniture Company, and against appel-lee, Garig Warehouse, Inc., ordering the appellee to comply with the garnishment judgment rendered herein on June 22, 1970, by accounting for the non-exempt portions of the wages earned by Lawrence J. Kado, Jr., beginning on May 11, 1971, to the extent of satisfying said judgment of garnishment. All costs of this appeal are assessed to the appellee.
Reversed and rendered.