SCHOTT, Judge.
Adolph Anderson has appealed from a judgment dismissing his motion brought against his judgment creditor, Seaboard Finance Corporation, and the garnishee, City of New Orleans, to dissolve the garnishment of his wages.
The citation, petition and interrogatories to the garnishee were served on October 22, 1973, and pursuant thereto the garnishee began to withhold from Anderson’s wages that portion not exempt from seizure by operation of law. Although no judgment was obtained by the judgment creditor against the garnishee as required by LSA-R.S. 13:3921, the garnishee remitted to the creditor the sums withheld from Anderson’s pay. Anderson’s motion to dissolve the garnishment, filed on March 24, 1974, was based upon the creditor’s failure to obtain that judgment, and as a part of his motion he sought damages resulting from “having his wages wrongfully garnished.”
In this Court Anderson contends that his wages illegally came into the hands of his judgment creditor because of the absence of a judgment against the garnishee; that a judgment creditor must obtain a judgment against the garnishee; that a judgment creditor must obtain a judgment against the garnishee within a reasonable time after answer to the garnishment interrogatories; and that his rights having been violated he is entitled to nominal damages even though no actual provable damages were sustained by him.
LSA-R.S. 13:3921 is mandatory in requiring that the judgment creditor take a judgment against the garnishee, fixing the portion of the employee’s salary subject to the seizure, but in the absence of such a judgment the garnishee is required to withhold a portion of the employee’s past and future wages subject to further orders of the court. Sun Sales Co. v. Hodges, 224 So.2d 157 (La.App. 4th Cir. 1969), affirmed by the Supreme Court at 256 La. *600 687, 237 So.2d 684. The absence of the judgment prescribed by R.S. 13:3921 does not relieve the garnishee of the obligation to make these withholdings, so that whether a judgment is obtained or not the employee is still to be deprived of the portion of his salary under seizure. Thus, the taking of the judgment has no practical effect on the position of the employee, but it does provide the employer with the advantage of having a judgment of court fixing the portion of the employee’s wages subject to seizure, relieving the employer of the peril involved in his making this determination on his own. It therefore seems that R.S. 13:3921 was enacted for the benefit of the employer but not for the employee whose rights are fixed by the exemption statutes themselves.[1]
Anderson argues that he has a right not to have any portion of his wages transmitted to the judgment creditor by the garnishee in the absence of a judgment under the statute, and he claims damages for violation of this right. He relies on the following language from Bourdette v. Sieward, 107 La. 258, 31 So. 630:
“There is no doubt that, our previous decision having determined that the plaintiff had been deprived of a legal right, plaintiff is entitled to recover damages against the defendant to some extent. We have held that the violation by a person of the legal rights of another renders the violator liable for at least nominal damages, without proof of actual damage. Dudley v. Tilton, 14 La. Ann. 283; Powers v. Florance, 7 La. Ann. 524; Bourdette v. Sieward, 52 La. Ann. 1333, 27 So. 724.”
The distinction between these cases and Ralph’s Fleet, Inc. v. American Marine Corp., 157 So.2d 317 (La.App. 4th Cir. 1963), all relied upon by Anderson and the instant case, is that in each of the cited cases plaintiff was actually deprived of something tangible to which he was entitled. For instance, in Bourdette v. Sie-ward plaintiff was entitled to damages because he was deprived of his right to inspect corporate records by defendant’s refusal to let him do so with the effect that he could not exercise prudent judgment with regard to disposing of or holding onto stock in a corporation. In Dudley v. Tilton, plaintiff was entitled to injunctive relief on a showing that his right to the use of his own property was affected adversely by defendant’s construction of a sidewalk in front of his house which adjoined plaintiff’s at an elevation 10 inches higher than that in front of plaintiff’s house. In Powers v. Florance plaintiff was entitled to damages because he was deprived of his own property, a painting, as a result of defendant’s act. In Ralph’s Fleet, Inc. v. American Marine Corp., American’s action was based upon a deprivation of the use of its switch tracks by Ralph’s. But in the instant case, whether the judgment was obtained or not Anderson was still not entitled to his wages and the transmission of those wages by the garnishee to the creditor had absolutely no tangible effect on Anderson whatsoever. Under these circumstances, we cannot see any basis for an award of damages to Anderson.
Finally, Anderson’s argument that the failure of the creditor to take the necessary judgment against the garnishee within a reasonable time should result in a dissolution of the garnishment proceedings is without merit. In the first place, the motion to dissolve the garnishment was filed herein within five months after the garnishee answered the interrogatories. In Sun Sales Co. v. Hodges, although the judgment against the garnishee was not obtained until two years after the interrogatories were answered it was nevertheless held to be valid. Compared to the cited case the lapse of time in the instant case was hardly unreasonable. Additionally, the statute fixed no such time limit and the question of how soon the judgment must *601 be obtained seems to address itself to the legislature rather than to this Court. Finally, since the garnishee is obliged to continue withholding the wages of the employee whether a judgment is obtained or not there would be no logical basis for holding that the failure on the part of the judgment creditor to take a judgment against the garnishee would produce the result of affording to the employee a cause of action to dissolve the garnishment.
Accordingly, the judgment appealed from is affirmed.
Affirmed.
MORIAL, J., dissents with written reasons.

. Anderson does not allege any infringement upon that portion of his salary which is exempt from seizure.