MORIAL, Judge
(dissenting).
The part of LSA-R.S. 13 :3921 pertinent to this case provides:
“In every case in which the wage or salary * * * shall be garnished * * *, a judgment shall he rendered by the court of competent jurisdiction in which the garnishment proceedings may be pending fixing the portion of such wage, salary, commission or other compensation as may be exempt, as provided by law and providing for the payment to the seining creditor of whatever sum for which judgment may be obtained, out of the portion of such compensation which is not exempt.” (emphasis supplied)
While the judgment required by LSA-R.S. 13 :3921 does relieve the employer-garnishee, who is merely a stakeholder, of the peril of his solo determination of the exempt portion of the employee-judgment debtor’s wages, who will assert the mandatory requirement of the LSA-R.S. 13 :3921 judgment? Neither the employer-garnishee, who has remitted, nor the judgment creditor, who has received a portion of the employee-judgment debtor’s wages will. Therefore, to me, it appears that LSA-R. S. 13:3921 is -not merely for the protection of the employer-garnishee, but also for the protection of the employee-judgment debt- or as well, even though the sum remitted, absent the LSA-R.S. 13:3921 judgment, does not infringe upon that portion of the employee-judgment debtor’s salary which is exempt from seizure.
Seimire in garnishment proceedings takes effect upon service of the petition, citation and interrogatories. LSA-C.C.P. Art. 2411; Sun Sales Co. v. Hodges, 224 So.2d 157 (La.App. 4 Cir. 1969), affirmed, 256 La. 687, 237 So.2d 684 (1970). However, the fact of the seizure does not admit the right of the judgment creditor to any portion of the wages or salary seized. Until such time as the judgment required by LSA-13 :3921 is rendered, it is impermissa-ble for the employer-garnishee to remit, and for the judgment creditor to accept any portion of the employee-judgment debtor’s wages. To permit the employer-garnishee and judgment creditor to so do in the absence of the required judgment, is violative of the right of the employee-judgment debtor to compliance with the statutory procedure for garnishment. Apparently, the intendment of the statute is to prevent such conduct as occurred here, and thereby avoid the possibility of any collusion between an employer-garnishee and a judgment creditor to the detriment of an employee-judgment debtor.
More than anyone else, particularly at this time in our history, governments, federal, state, and municipal, and their agencies, should be held to compliance with statutory requirements. The City of New Orleans, though it could have retained all of Anderson’s wages, did not do so, but remitted a portion to the judgment creditor who accepted, and thereby both violated, at their peril, the clear mandate of LSA-R.S. 13 :3921. For this, in my opinion, Anderson is entitled to nominal damages.
For the reasons assigned, I respectfully dissent.