CANNIZZARO, J.,
concurs in part and dissents in part with reasons.
hi respectfully concur in part with the majority and dissent in part from the majority. I also note that I would first consider whether or not to review this case on appeal, because the assignment of error raised by the appellant did not address the real issue in this case. In Nicholas v. Allstate Insurance Co., 99-2522 (La.8/31/00), 765 So.2d 1017, the Louisiana Supreme Court addressed the issue of whether an appellant court can address an issue not assigned as error. The Supreme Court noted in that case that La. C.C.P. art. 2129 provides that an assignment of error is not necessary in any appeal. The Supreme Court also cited La. C.C.P. art. 2164, which provides that an appellate court “shall render any judgment which is just, legal, and proper upon the record on appeal.” Finally, the Supreme Court noted that the Uniform Rules of Louisiana Courts of Appeal, Rule 1-3, provides that “[t]he Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.”
Based on the code articles and Rule 1-3, the Supreme Court concluded that the appellate court in the Nicholas case had the authority to consider an issue that was not assigned as error. In the instant case, I believe that in the interest of | ¡Justice, we should review the record, despite the fact *871 that the appellant’s brief did not raise a valid assignment of error.
With respect to the majority opinion, I concur in the majority’s determination that the amount of the judgment rendered by the trial court was incorrect. The judgment should have been in the amount of the installment payments that should have been withheld from the debtor’s wages for the months during which the garnishee failed to withhold and remit the garnishment installments rather than in the full amount of the debt owed by the debtor. Additionally, I concur in the majority’s finding that the installment payments should continue to be made until the debt- or’s debt is satisfied.[1] I would not, however, reverse the trial court judgment. Instead, I would amend the judgment.
I also concur with the majority with respect to the reversal of the award of attorney’s fees by the trial court. However, rather than rely on the Smetherman case, a Third Circuit case, cited by the majority, I would base the reversal of the award on the Louisiana Supreme Court’s holding in Sun Sales Co. v. Hodges, 256 La. 687, 696, 237 So.2d 684, 688 (1970). The Supreme Court in the Sun Sales case stated:
In this Court, the garnishee seeks a judgment for reasonable attorney fees incurred by it in prosecuting the appeal. We know of no statutory authority for such an award. The garnishee cites LSA-R.S. 13:3927. This statute, however, authorizes only a fee for the filing of the answers to the garnishment interrogatories. Hence, the garnishee’s demand is rejected.
I would not rely on the Smetherman case, because I believe that the Third Circuit’s statement that “ordinary contempt and/or collection proceedings must be invoked to enforce such a judgment [a judgment against a garnishee who fails to comply Iswith a court ordered garnishment.]” 635 So.2d at 595, is incorrect with respect to a contempt judgment.
I dissent from the majority’s reversal of the judgment sanctioning the garnishee for contempt. La. C.C.P. art. 224 defines constructive contempt of court to include “[wilful disobedience of any lawful judgment, order, mandate, writ, or process of the court.” In the instant case, the trial court found that the garnishee willfully disobeyed the garnishment judgment requiring it to make installment payments of the non-exempt portion of the debtor’s wages by not properly withholding and remitting the installment payments during a period of several months. La. C.C.P. art. 225(A) provides:
Except as otherwise provided by law, a person charged with committing a constructive contempt of court may be found guilty thereof and punished therefor only after the trial by the judge of a rule against him to show cause why he should not be adjudged guilty of contempt and punished accordingly.
I find no error in the trial court’s finding, after a hearing on the issue, that the garnishee was in contempt for willfully disobeying the court ordered garnishment. There was no need for the contempt judgment to have been rendered in an ordinary proceeding separate from the garnishment proceeding.
Based on the foregoing, I would amend the judgment to provide that the amount of the judgment is the amount of the in *872 stallment payments that should have been remitted but were not, to provide that the installment payments should continue to be remitted until the debt is satisfied or until the debtor’s employment is terminated for a period of more than one hundred and eighty days, and to vacate the award of attorney’s fees. I would then affirm the judgment as amended.

. La. R.S. 13:3293 provides that a seizure by garnishment of the non-exempt option of a debtor’s wages shall cease upon the termination of the debtor’s employment with the garnishee, unless the debtor is reinstated or reemployed within one hundred and eighty days after the termination.