874 So.2d 371 (2004)
M. Tahir QAYYUM, M.D., Plaintiff-Appellant
v.
MOREHOUSE GENERAL HOSPITAL, Defendant-Appellee.
No. 38,530-CA.
Court of Appeal of Louisiana, Second Circuit.
May 12, 2004.
*372 Rountree Law Offices by James A. Rountree, for Appellant.
L. Douglas Lawrence, Tikisha Y. Smith, for Appellee.
Before STEWART, MOORE and LOLLEY, JJ.
MOORE, J.
Plaintiff, M. Tahir Qayyum, A Professional Medical Corporation, filed suit against Morehouse General Hospital for an accounting of the revenues the hospital collected pursuant to a contract in which the plaintiff agreed to operate a family practice clinic in the hospital for one year. The trial court granted the hospital's exception of prescription and its motion to strike a claim for attorney fees. Plaintiff filed this appeal alleging that the court erred when it applied the three-year prescriptive period of Louisiana Civil Code Article 3494 to the instant case. For the following reasons, we reverse and remand for further proceedings.

FACTS
On September 26, 1997, Morehouse Parish Hospital Service District d/b/a Morehouse General Hospital ("Morehouse General") and M. Tahir Qayyum, A Professional Medical Corporation ("PMC") entered into a one-year contract in which PMC agreed to operate a hospital-based family practice clinic by providing a board certified physician, namely Dr. Qayyum, to work therein on a full-time basis. PMC was responsible for staffing the clinic with other qualified physicians during those times Dr. Qayyum was not available. Under the terms of the agreement, PMC agreed that the hospital would bill and collect all professional fees and charges for services it rendered. Morehouse agreed to keep and maintain accurate accounting records reflecting all services rendered and all fees billed for professional services. Morehouse would cover the expenses of the clinic by providing the necessary equipment, staff and supplies. The contract provided that all employees of the family practice clinic, except Dr. Qayyum, would be employed by the hospital.
In exchange for PMC's operation of the clinic, Morehouse agreed to pay PMC $130,000 in $10,000 installments, the first at the time of execution of the contract and then another every 30 days thereafter. Additionally, Section 8 of the contract, entitled, "Accounting," provided the following:
PMC shall provide to HOSPITAL all billing and collection information not discovered *373 through the normal course of clinic and hospital procedures. HOSPITAL will prepare and shall provide PMC a monthly financial report utilizing the accrual basis of accounting, as required for healthcare organizations. In addition, HOSPITAL will modify the department income statements prepared using the accrual basis of accounting to show cash collections for the purpose of applying provisions of this paragraph contained in the last sentence. The funds received by HOSPITAL from PMC's practice which are assigned to HOSPITAL hereby will be calculated and should those funds collected exceed the expenses incurred by HOSPITAL to, for and on behalf of the clinic and PMC set forth herein, then at that point, PMC will receive in addition to the funds hereinabove described in paragraph 3A, ninety (90%) percent of all funds collected in excess of the costs paid by HOSPITAL.
Expenses accounted for above, shall be calculated and apportioned to PMC according to Federal and State guidelines for classification of expenses and as referenced in attached exhibit B. Distributions that may be owed to PMC, as calculated above, shall be reconciled quarterly and any excess shall be paid quarterly.
Hence, according to the quoted provision, after Morehouse accounted for its expenses, which are listed in Exhibit B and include such items as salaries for clinic personnel and employee benefits, utilities, office equipment and supplies, payments for the physician, worker's compensation and liability insurance, in a word, all operating costs, Dr. Qayyum and Morehouse agreed to split any profits on a 90/10 basis. The hospital's accounting of the profits, if any, was to be made quarterly.
The term of the contract was twelve months, ending at midnight on September 26, 1998.
On October 31, 2002, more than three years after the termination of the contract, PMC filed suit against Morehouse seeking an accounting pursuant to Section 8 quoted above. The petition alleged that Morehouse breached its obligation to provide the accounting information called for in the contract and to pay plaintiff 90% of all funds collected in excess of the costs paid by the hospital. Plaintiff also alleged that Morehouse acknowledged its obligation in a letter dated May 4, 1999, but failed to perform. PMC's petition prayed that Morehouse be ordered to make a full accounting of the funds collected and ordered to pay plaintiff in accordance with the contract terms. PMC also prayed for an award for attorney fees incurred for having to bring the action.
Morehouse responded by filing an exception of prescription for the main demand and an exception of no cause of action and a motion to strike the demand for attorney fees. After argument on May 22, 2003, the district court took the matter under advisement to allow the parties additional time to file supplemental memoranda. On July 15, 2003, the trial court signed a judgment granting the exception of prescription and motion to strike, effectively dismissing the plaintiff's suit. This appeal followed.

DISCUSSION
When a peremptory exception is pleaded prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 931. Creighton v. Bryant, 34,893 (La.App. 2 Cir. 6/20/01), 793 So.2d 275. If the parties introduce evidence to support or controvert *374 an exception, then the trial court's factual determinations based on such evidence are subject to the manifest error standard of review. However, if the trial court made a legal error which interdicted the fact-finding process, the reviewing court conducts an independent review of the record. Brown v. Avoyelles Parish School Bd., 2003-796 (La.App. 3 Cir. 12/10/03), 861 So.2d 773.
The parties submitted no evidence at the hearing on May 22, 2003, although Morehouse attached a copy of the agreement to its memorandum in support of the exceptions. See Exhibit A, ("Agreement"). The court ruled that the plaintiff's cause of action had prescribed under the three-year prescriptive period provided under La. C.C. art. 3494. Subsection (1) of Article 3494 provides:
The following actions are subject to a liberative prescription of three years:
(1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;
* * *
In its written reasons, the trial court adopted the defendant's arguments by reference and sustained the exception. Morehouse had argued that the three-year prescriptive period of Civil Code article 3494 applied in this instance rather than the ten-year prescriptive period of Civil Code article 3499 generally applicable to personal actions ex contractu[1] because the plaintiff was seeking compensation for medical services rendered. Morehouse argued that Dr. Qayyum's relationship to the hospital was an employment relationship, and, although the claim was couched as an action for an accounting under the terms of a contract, it was simply a claim for additional wages or compensation. To bolster its argument that Dr. Qayyum was an employee, Morehouse cited a passage taken from a provision in the Code of Federal Regulations regarding regulation of hospital contracts with physicians.
PMC argues on appeal that the trial court erred in finding that its cause of action is governed by the three-year liberative prescription period set forth in La. C.C. art. 3494(1). It contends that its petition is not a claim for compensation or wages for services rendered. Instead, PMC contends that Morehouse collected its money, then refused to account for it in violation of the contract. Nor is this an action for payment of fees, inasmuch as the fees have already been paid by the patients treated by PMC. Unlike a suit for past wages or professional fees, its petition states a claim for an accounting of the monies billed and collected by Morehouse arising out of the clinic operations and for which Morehouse has failed to account. PMC contends that an action for an accounting is subject to the ten-year liberative prescription period found in La. C.C. art. 3499.
In determining the applicable prescriptive period, the court is guided by the well-settled principle that the character of a cause of action as disclosed in the pleadings determines the prescriptive period applicable to that action. SS v. State ex rel. Dept. of Social Services, 2002-C-0831 (La.12/4/02), 831 So.2d 926. As outlined above, the relief sought by PMC's petition is for specific performance as a result of Morehouse's breach of its contractual obligation to provide an accounting of the net *375 profits, if any, from the charges collected and payment according to the 90/10 split called for in the contract. The remedy sought is set forth in the petition as an accounting and payment, if any, in accordance with the contract.
The trial court concluded that the nature of the plaintiff's claim was a claim for additional compensation based solely upon the arguments. Because there was no evidence introduced at the May 22, 2003 hearing to show an employment relationship between PMC or Dr. Qayyum and Morehouse, except defendant's reference to some language of questionable relevance and import from a CFR provision which was not put into evidence, we conclude that there was no evidence to support this finding. We note that the Agreement itself expressly excludes Dr. Qayyum as an employee and also contains a disclaimer that the agreement is not a joint venture or partnership.[2]See Agreement, Sections 9 & 10. Nevertheless, the existence of an independent contractor agreement is not necessarily dispositive of the issue of whether a doctor is an independent contractor, as opposed to an employee of a hospital, and courts will inquire as to the real nature of the relationship and the degree of control exercised or ability of control by the hospital over the doctor's activities. Powell v. Fuentes, 29,338 (La.App. 2 Cir. 4/2/97), 693 So.2d 15, appeal after remand 34,666 (La.App. 2 Cir. 5/9/01), 786 So.2d 277, writ denied XXXX-XXXX (La.9/21/01) 797 So.2d 674; Prater v. Porter, 98-1481 (La.App. 3 Cir.1999), 737 So.2d 102; Suhor v. Medina, 421 So.2d 271 (La.App. 4 Cir.1982).
In Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts, 354 So.2d 192 (La.1978), the Louisiana Supreme Court held that where an attorney retained in a case retains another attorney to assist him, the agreement constitutes a joint venture or partnership with respect to division of the fee. Each attorney shares the right to participate in the fund resulting from the payment of the fee by the client. Id. at 195. Accordingly, in that case the court concluded that a suit by one attorney against the other attorney to recover a portion of the collected fee pursuant to the agreement is not a suit for the recovery of attorney's fees governed by the three-year prescriptive period of former Civil Code article 3538, but rather was one for breach of the agreement to share in the fund resulting from payment of the fee and governed by the ten-year prescriptive period of former Civil Code article 3544. Id.
In Marek v. McHardy, 234 La. 841, 101 So.2d 689 (1958), a physician sued to recover damages he sustained for breach of an agreement to give him a ten percent interest in a future medical partnership. The defendants filed an exception of prescription citing numerous cases decided under former Civil Code article 3538, which provided for a three-year prescriptive period for actions by physicians for payment for professional services. The supreme court rejected the cases cited reasoning:
In each of them the bill for the services rendered by the physician or the attorney had not been paid and the suit was for the recovery of the bill. Here the plaintiff is not suing to recover the fees charged by the Browne-McHardy Group for the services he rendered to the patients of the clinic. On the contrary, *376 his suit is one for damages sustained by defendant's breach of contract under which he claims the right to have participated in a partnership fund which resulted from the payment of fees by the patients of the Browne-McHardy Clinic. The applicable prescription is not three years but that of ten years.... 234 La. at 850-51, 101 So.2d at 692.
Hence, in both Marek and Duer, the supreme court found that the relationship between the parties, which it found in those cases to be that of joint venturers or partners, to be dispositive of the prescription claim.
More recently, however, the Fourth Circuit in Parry, M.D. v. Administrators of Tulane Educational Fund, XXXX-XXXX (La.App. 4 Cir. 9/4/02), 828 So.2d 30, writ denied, 2002-2478 (La.12/19/02) 833 So.2d 346, distinguished Marek and Duer in a suit by a physician to recover additional compensation allegedly due under an agreement involving income from Tulane Medical School faculty generated from services rendered at Charity Hospital and Medical Center. The agreement, styled as the "FPP Agreement," was characterized by the court as a "cooperative venture" which "allowed each faculty physician to practice medicine and obligated Tulane to bill for and account to the physician for his income generated from professional services." Id. at 31. When Dr. Parry discovered that Tulane had not funneled income generated from his and other physicians' professional services at Charity Hospital through the FPP, this suit followed. The trial court, however, granted Tulane's motion for summary judgment based upon prescription of three years under Civil Code article 3494(1) as a claim for additional compensation. The court distinguished Marek and Duer on grounds that those cases involved joint ventures for profit, whereas the FPP agreement was a "`cooperative' faculty group practice agreement," and as such, was "organized for the purpose of rendering economic services, without gain to itself, to shareholders or members who own and control it." Id. at 37-38.
Parry appears to be distinguishable from the instant case in that Tulane Medical Center, unlike Morehouse in this instance, was not entitled to share in the fees it collected for the faculty physicians.
Defendant correctly argues that it is the nature of the claim and not the mere existence of a contract that determines the appropriate prescriptive period. Schoen v. Walling, 31,598 (La.App. 2 Cir. 2/24/99), 728 So.2d 982. Morehouse cites Grabert v. Iberia Parish School Board, 93-C-2715 (La.7/5/94), 638 So.2d 645, in support of its argument that Dr. Qayyum is seeking remuneration for his services as an employee of Morehouse. In Grabert, tenured Iberia Parish School Board employees filed suits claiming that the Board breached their contracts by paying them less wages than they were due. The suits sought recovery of wages allegedly earned by the employees more than three years before the filing of the suits. The trial court granted a partial summary judgment on the exception of three-year prescription, but the court of appeal reversed on grounds that the suit was a personal action for breach of contract subject to ten year prescription. Reversing, the Louisiana Supreme Court made the following observation regarding the plaintiffs' contention that their cause of action was one for breach of contract and not for past due wages:
The answer appears to be simple enough. A petition claiming breach of contract by the payment of wages less than what is due and seeking judgment for the underpaid wages is clearly a cause of action asserting the right to *377 recover unpaid wages. Breach of contract is not a free standing cause of action. It is a legal premise, or principle, which gives rise to the right to claim some substantive remedy at law. Here that remedy is the recovery of past due wages.
Because the relationship between PMC and Morehouse is not clearly an employment relationship, Grabert is factually distinguishable in this instance. Whether PMC was an employee of Morehouse must be judicially determined based upon well-established jurisprudential factors. Powell v. Fuentes, supra. In the present case, the record of evidence does not clearly demonstrate that PMC's relationship and the nature of the claim is based upon an employment relationship as claimed by Morehouse. Nor does the record clearly demonstrate a cooperative non-profit relationship, or a joint venture or special partnership.

CONCLUSION
For the foregoing reasons, we conclude that the trial court did not have enough evidence to apply article 3494(1) and erred in sustaining the exception of prescription. Accordingly, the judgment of the trial court is reversed. We remand to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] La. C.C. art. 3499 provides: "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."
[2] A joint venture is defined as resulting from "the undertaking by two or more persons to combine their property or labor in the conduct of a particular line of trade or general business, for joint profits, creating the status of partnership." Parry, M.D. v. Administrators of Tulane Educational Fund, XXXX-XXXX (La.App. 4 Cir. 9/4/02), 828 So.2d 30, writ denied, 2002-2478 (La.12/19/02) 833 So.2d 346.