BROWN, Chief Judge.
|! Defendant, Morehouse Parish Hospital Service District, d/b/a Morehouse General Hospital (“Morehouse”), appeals from an adverse judgment awarding plaintiff, M. Tahir Qayyum, M.D., A Professional Medical Corporation (“PMC”), $219,243.02. We affirm.

Facts and Procedural History

On September 26, 1997, Morehouse and PMC entered into a one-year contract in which PMC agreed to operate a hospital-based family practice clinic by providing a board certified physician, namely Dr. Qayyum, to work therein on a full-time basis. PMC agreed that the hospital would bill and collect all professional fees and charges for services it rendered. Morehouse agreed to keep and maintain accurate accounting records reflecting all services rendered and all fees billed for professional services. Morehouse would cover the expenses of the clinic by providing the necessary equipment, staff and supplies. The contract provided that all employees of the family practice clinic, except Dr. Qayyum, would be employed by the hospital. In exchange for PMC’s operation of the clinic, Morehouse agreed to pay PMC $130,000 in $10,000 install *507 ments. The contract provided that after Morehouse accounted for all operating costs, PMC and Morehouse agreed to split any profits on a 90/10 basis. The hospital’s accounting of the profits, if any, was to be made quarterly.
Hospital representatives admitted that no monthly reports or quarterly account-ings took place during the term of the contract. The parties agreed to extend the term of the contract past September 26, 1998. In a May 4, 1999, letter to plaintiff, William Bing, Morehouse’s administrator, wrote 12that the contract would expire on May 10, 1999, and that the hospital would continue to collect any outstanding accounts from the clinic for three additional months. Thereafter, all outstanding accounts were to be turned over to plaintiff on August 10, 1999. Bing also wrote that the hospital would provide financial statements on plaintiffs accounts through April 30, 1999. Any revenues beyond the agreed expenditures would then be split between PMC and Morehouse on a 90/10 basis. After the expiration of the contract, however, Morehouse did not make any payments to PMC, nor did it turn over any of the promised data or accounts.
On October 31, 2002, PMC filed a suit captioned “Petition For Accounting” against Morehouse. The petition alleged that Morehouse breached its obligation to provide the accounting information called for in the contract and to pay plaintiff 90% of all funds collected in excess of the costs paid by the hospital. PMC’s petition prayed that Morehouse be ordered to make a full accounting of the funds collected and pay plaintiff in accordance with the contract terms. PMC also prayed for an award for attorney fees incurred for having to bring the action.
In response, defendant filed an exception of prescription and a motion to strike with the district court. It argued that plaintiffs suit was an action for the recovery of compensation for services rendered and thus was subject to a three-year liber-ative prescription period. The trial court granted the exception of prescription and motion to strike. PMC appealed the ruling to this court arguing that its claim was not one for compensation for services rendered, but rather for payment of monies collected by defendant pursuant |ato their contract. Hence, the action was subject to a liberative prescription period of ten years governing personal obligations. This court reversed the trial court decision and remanded the case, ruling that there was insufficient evidence in the record to determine the true nature of the underlying cause of action. Qayyum v. Morehouse Gen. Hosp., 38,530 (La.App.2d Cir.05/12/04), 874 So.2d 371.
On remand, the exceptions were referred to the merits of the case. At trial, Dr. Qayyum, William Bing, the hospital administrator during the time of the contract, and Darlene Richards, former business office manager of Morehouse, testified. Plaintiff offered exhibits calculating that PMC was owed $219,243.02. On November 20, 2008, the trial court filed its first of several judgments:[1]
*508 ... this Court concludes that Plaintiff is entitled to an accounting specifically as prayed for (i.e. a complete accounting of all funds Defendant has collected on account of Plaintiffs work, and to pay Plaintiff in accordance with the contract.) (Emphasis by the trial court).
|4On December 12, 2008, defendant filed a motion for devolutive appeal. On December 15, 2008, plaintiff filed a motion to clarify ruling arguing that judgment should be rendered for plaintiff in a specific amount.
On March 3, 2009, the trial court held a hearing on the motions and on that day a second order was rendered. The court ordered that plaintiffs motion to clarify ruling be converted to a motion for new trial for re-argument only and the motion and order of appeal be stayed.
Also, at the hearing the trial court noted that it “simply forgot to address” the issue of prescription in the November 20, 2008, judgment, but noted that the exception was effectively denied, stating:
if a literal address would have been made the prescription issue I believe would have been denied because my thought was this isn’t actually to recover money, which was collected by the hospital for services rendered by the plaintiff to his patients [but rather that] this money which was the object of this proceeding was earned and owned by the plaintiffs medical corporation.
On August 24, 2009, the trial court held a hearing pursuant to the March 3, 2009, ruling. Again, plaintiff urged that the court grant a judgment based upon the evidence adduced at trial. The trial court initially stated that it “will grant the judgment as prayed for by Mr. Rountree in the amount of $219,243.02.” Defendant argued that there should be an accounting done by the hospital before the final judgment was rendered. Defendant then informed the court that it had recently ordered an accounting performed, which would be ready by early September of that year. The trial court decided to forebear rendering a final judgment and allowed defendant to present the promised accounting. The trial court |fistated that plaintiff could traverse the accounting and that a status conference would be held following the presentation of the accounting.
On November 9, 2009, plaintiff filed a motion to fix a hearing on defendant’s accounting. PMC alleged that defendant did not submit a complete and true accounting, rather Morehouse commissioned a “compilation.” It specifically pointed to a disclaimer included in the compilation from the firm that prepared it, which stated that:
[A] compilation is limited to presenting ... information which is the representation of management. We have not audited or reviewed the financial statement referred to above and, accordingly, *509 do not express an opinion or any other form of assurance on them.
The compilation alleged that PMC was due $14,105 under the contract.
A hearing, however, was never held because on February 2, 2010, counsel withdrew from representation of Morehouse. No other attorney enrolled on behalf of Morehouse. On April 26, 2010, in response to a request from plaintiff, the trial court ordered that the parties be placed on notice that it would:
officially take this matter under advisement and deem same to be submitted on the record (as same exists of this date) on the 20th day of June. Same shall be done with a view toward ruling within thirty days from that date UNLESS this Court hears (in a timely manner) from an official counsel of record to the contrary.
Having not heard from either party, on June 22, 2010, the trial court rendered judgment in favor of plaintiff “in the full sum of $219,243.02 together with legal interest from the date of judicial demand until paid.” Notice of final judgment was mailed June 24, 2010.
On July 2, 2010, new counsel enrolled on behalf of defendant and timely filed a motion for written reasons for judgment and a motion for [finew trial or alternatively partial new trial. On October 14, 2011, the trial court denied the motion for new trial. No written reasons were provided. On December 2, 2011, defendant filed this timely appeal.

Discussion

Defendant raises several assignments of error on appeal. It argues that the trial court erred in: 1) not granting its 2008 motion for devolutive appeal; 2) converting plaintiffs motion to clarify into a motion for new trial; 3) making monetary awards contrary to law and evidence; 4) failing to provide written reasons for judgment; and 5) not granting the exception of prescription.

Devolutive Appeal of the November 20, 2008, Judgment

Defendant claims that it was error for the trial court to stay its motion for appeal and to then convert plaintiffs motion to clarify into an untimely motion for new trial.
Appeals may be taken from a final judgment or an interlocutory judgment which may cause irreparable injury. La. C.C.P. art. 2083. A final judgment is one that determines the merits in whole or in part. La. C.C.P. art. 1841. A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment. Id. La. C.C.P art. 1915 expressly designates those instances where partial final judgment may be rendered and appealed. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). Other partial judgments are not appeal-able. Id. In the case of a devolutive appeal, the trial court is divested of jurisdiction over all matters in the case 17reviewable under the appeal upon granting of the order of appeal.[2] La. C.C.P. art. 2088(A).
It is clear from the record that the November 20, 2008, judgment was not an appealable final judgment. The trial concluded that plaintiff was entitled to accounting as it prayed for in the petition. The petition specifically prayed that defendant be ordered to provide a full and complete accounting of all funds defendant collected on account of plaintiffs work, to pay *510 plaintiff in accordance with the contract, and to pay plaintiffs reasonable attorney’s fees for bringing the action.
We note that the November 20, 2008, judgment did not provide any amount owed to plaintiff. The judgment is not a final judgment because it does not determine the merits in whole or in part, and requires further proceedings before a determination of either the amount due or that no amount is due.
Defendant also argues that the trial court erred in converting plaintiffs motion to clarify ruling into an untimely motion for new trial. Defendant correctly notes that La. C.C.P. art.1974 provides that “the delay for applying for a new trial is seven days, exclusive of legal holidays and commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.” However, this court has observed that “a motion for new trial is a procedural device applying only to final judgment.” Winston v. Martin, 34,424 (La.App.2d Cir.09/21/00), 801 So.2d 389, 391. Having determined that the November |s20, 2008, judgment was not an appealable final judgment, we need not consider the issue of the converted motion to clarify ruling.

Scope of Trial

Defendant next argues that trial court abused its discretion by rendering judgment in favor of plaintiff in the amount of $219,243.02 without holding a hearing to receive competent evidence on the issue. Defendant further avers that the scope of the trial was limited by the court to determining whether plaintiff was entitled to an accounting and receiving evidence on the exception of prescription. Plaintiff argues that though the caption of the petition was confusing, its action has always been to collect the amount due it under the contract with defendant.
La. C.C.P. art. 862 grants the trial court authority to render a final judgment granting the relief to which the party in whose favor it is rendered is entitled. A court may not decide a controversy which the litigants have not regularly brought before it. Dupree v. Dupree, 41,572 (La.App.2d Cir.12/20/06), 948 So.2d 254; Havener v. Havener, 29,785 (La.App.2d Cir.08/20/97), 700 So.2d 533. The court may only grant relief warranted by the arguments contained in the pleading and the evidence. Dupree, supra. If the evidence is admissible on the issues properly pleaded, the pleadings are not enlarged by its admission. Havener, supra. A judgment rendered beyond the pleadings is a nullity. La. C.C.P art. 1154.
On the original date of trial, May 15, 2006, the trial court noted that plaintiff sought an accounting and “recovery of fees that he feels were applicable.”
| flPIaintiff introduced evidence which attempted to show what he was owed under the contract. The trial court accepted the documents into evidence after counsel for plaintiff averred that this “is the amount that the plaintiff contends is the result of proper accounting under the contract.” Further, defense counsel stated “we don’t have a problem” if the documents were to clarify and explain what was offered orally from the stand.
The evidence submitted included answers to interrogatories made by defendant, in particular admissions of the amount collected under the contract as well as certain financial statements regarding the clinic, and the contract itself. The hospital admitted to the total amount collected under the contract and provided plaintiff with itemized, though somewhat limited, reports through April 30, 1999. Using this information along with exhibit B of the contract, which listed agreed expenses between the parties, plaintiff adduced what it thought it was owed under the contract.
*511 Oral testimony made it clear that the hospital failed to give any required financial statements during the contract or to make quarterly accountings. The hospital likewise failed to make any final accounting or turn over any accounts to plaintiff. Also, plaintiff and the former hospital administrator offered testimony regarding agreed expenses between PMC and More-house. Bing and Richards not only testified that there were more financial documents relating to the clinic but also that the hospital did not turn them over to plaintiff. Bing maintained that the hospital did not want to “put out information that would have to be adjusted.” However, if records did exist proving the hospital’s position, they should have been presented at trial.
| mDefendant urges that regardless of the evidence accepted at trial there should have been a hearing subsequent to the receiving of the compilation. It is noteworthy, however, that the trial court first allowed defendant to submit an accounting after the trial. Thereafter, the counsel of record withdrew from representing More-house. From February 2, 2010, until July 2, 2010, defendant did not enroll any new counsel. On April 23, 2010, the trial court issued notice to the parties that it would deem the case submitted unless it heard from the parties before June 20, 2010. Defendant failed to take heed of the trial court’s order, and the court rendered a final judgment in favor of plaintiff requiring defendant to pay plaintiff an amount based upon defendant’s own documentation turned over during discovery.
Based upon the evidence adduced at trial, we cannot say the trial erred in its findings. Further, the trial was not limited to any specific issues, but rather was open to consideration of all claims raised under plaintiffs petition, which included a request to be paid an amount owed under a contract. The record contains evidence which provides a reasonable basis for the $219,243.02 judgment. Defendant was given ample opportunity to request a hearing after its original counsel withdrew but choose to take no action regarding the case for nearly half a year. The trial court did not improperly expand the scope of the proceedings and did not abuse its discretion in rendering a final judgment in favor of plaintiff.

Written Reasons for Judgment

Defendant argues that the trial court erred in failing to render written reasons for judgment after defendant made a timely motion for such.
InLa. C.C.P. art. 1917 provides that in non-jury cases the court when requested to do so by a party shall give in writing its finding of fact and reasons for judgment, provided the request is made no later than ten days after the mailing of notice of the signing of the judgment.
Here, defendant urges that this court should remand this ease to the trial court for issuance of written reasons for the judgment. Defendant cites Custom-Bilt Cabinet & Supply, Inc. v. Quality Built Cabinets, Inc., 32,441 (La.App.2d Cir.12/08/99), 748 So.2d 594, to support its contention that remanding for written reasons is the proper remedy. However, this court, in Customr-Bilt, held that even if the trial judge has failed to give any reasons the judgment will not be reversed. The litigant’s remedy in such a situation is to apply for supervisory writs or to move for a remand to compel the trial judge to comply with La. C.C.P. art. 1917. Id. at 603.
In the case sub judice, defendant failed to follow the required procedure by raising the issue as an assignment of error in this appeal, rather than applying for supervisory writs or filing a motion for remand with this court. Therefore, this assignment is without merit.

*512
Prescription

This court noted in the first Qay-yum case that “the existence of an independent contractor agreement in not necessarily dispositive of the issue of whether a doctor is an independent contractor, as opposed to an employee of a hospital, and courts will inquire as to the real nature of the relationship and the degree of control exercised or ability of control by the hospital over the doctor’s activities.” Qayyum, supra at 375.
112The contract itself unambiguously classifies plaintiff as an independent contractor. At trial, defendant offered no other documentary evidence to prove plaintiff was an employee. Bing and Richards testified that they believed the contract with Dr. Qayyum was one for employment services. However, their testimony also indicated a more uncontrolled relationship between Morehouse and PMC. They both testified that PMC failed to turn over certain medical records to the hospital and allowed certain indigent patients to receive free treatment. PMC also opened a clinic in Monroe, which proved a source of conflict between the parties. This does not indicate a high degree of control by the hospital over plaintiffs activities. Richards further testified that plaintiff was not directly confronted about many of the hospital’s concerns. Defendant called no other witnesses to offer oral testimony to support the contention that plaintiff was an employee. Therefore, we cannot say the trial court erred in not granting the exception of prescription.

Conclusion

For reasons set forth above, the judgment of the trial court is affirmed. Cost of appeal are assessed against defendant.
AFFIRMED.

. We note the peculiar judgment forms used by the trial court in this case, which consisted of pre-made forms on which details for a suit could then be listed in blank spaces. Several of these rulings and orders contained very brief written reasons for judgment. La. C.C.P. art. 1918 provides that:
A final judgment shall be identified as such by appropriate language. When written reasons for judgment are signed, they should be set out in an opinion separate from the judgment.
The Supreme Court of Louisiana has held that the language contained in La. C.C.P. art. 1918, in connection with La. C.C.P. art. 5051, *508 is precatory and, as such, "does not render an otherwise complete and valid judgment invalid-except for the inclusion of the reasons. Hinchman v. Int’l Bhd. of Elec. Workers, Local Union #130, 292 So.2d 717 (La. 1974); see also Martin v. JKD Investments, LLC, 42,196 (La.App.2d Cir.06/20/07), 961 So.2d 575. However, this should not be used by courts as an excuse to ignore the directive that a judgment must be definite, precise and certain as well as separate from written reasons for judgment. La. C.C.P. art. 1918; see also Security Nat. Partners, Limited P'ship v. Baxley, 37,747 (La.App.2d Cir. 10/29/03), 859 So.2d 890; Simon v. Hulse, 12 La.App. 450, 124 So. 845 (La.App. 1st Cir. 1929). Rather than enhancing judicial efficiency, form judgments, such as those employed in the case sub judice, though convenient, often serve to merely increase confusion for litigants and reviewing courts alike. District courts should avoid this appealable issue entirely by folly complying with La. C.C.P. art. 1918.

. Trial courts have jurisdiction to amend an appeal order, where the granting of the sus-pensive appeal would be illegal. Roussel v. Dalche, 159 La. 463, 105 So. 510 (La.1925).