MARC E. JOHNSON, Judge.
|2In this appeal, Plaintiff seeks review of the trial court’s ruling sustaining Defendants’ peremptory exception of prescription. For the reasons that follow, we affirm.
On April 2, 2013, Plaintiff, Dr. Jeffrey Brumberger, filed suit against Dr. Gerry Cvitanovich, Keith LeBlanc and Dr. John King, seeking payment for medical ser *119 vices rendered. According to his petition, Dr. Brumberger was an independent contractor hired by Millennium Healthcare Management, L.L.C. (“Millennium”) in 2008 to provide medical services at an after-hours urgent care center. Millenni-urn dissolved in 2012, leaving its members (presumably Defendants) personally liable under La. R.S. 12:1335.1(A) for the debts of or claims against the limited liability company proportionate to each members ownership interest.
Dr. Brumberger alleged that Millennium issued two checks to him: one on February 13, 2008 for $6,460.00, and one on March 5, 2008 for $4,165.00. He |sasserted that these checks were stolen from his mailbox, fraudulently altered, and forged, and that the perpetrator was subsequently convicted in federal court. Dr. Brumber-ger claimed he had made a demand upon Millennium for replacement of the checks in accordance with his contractual agreement. Apparently, his demand was of no avail because he prayed for judgment against Defendants for “all sums due him by Millennium for medical services rendered” at the after-hours urgent care center.
In response, Defendants filed exceptions of prescription and no cause of action, They first argued that Dr. Brumberger’s claim for recovery of compensation for services rendered was prescribed under the three-year prescriptive period set forth in La. C.C. art. 3494(1). Defendants also claimed Dr. Brumberger’s petition failed to state a cause of action for breach of contract because Millennium issued payment for his services as required by the contract. After a hearing on the exceptions, the trial court sustained the exception of prescription and found the exception of no cause of action moot. Dr. Brumberger appeals the trial court’s ruling finding his suit was prescribed.
On appeal, Dr. Brumberger contends the trial court erred in classifying his claim as one for unpaid wages and applying the three-year prescriptive period under La. C.C. art. 3494. He maintains that his cause of action was for breach of contract, which is subject to a ten-year prescriptive period under La. C.C. art. 3499. Dr. Brumberger argues that the allegations in his petition clearly assert that Millennium violated his contract.
Article 3499 of the Louisiana Civil Code provides that a personal action[1] is subject ^o a Iterative prescription of ten years [ujnless otherwise provided by legisla-La. C.C. art. 3493 provides that, “⅛⅛ action for the recovery of I,(Compensation for services rendered, in-eluding payment of salaries, wages, corn-missions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board” is subject to a liberative prescription of three years. The Louisiana SuPreme Court has held that the three-year prescriptive period under Article 3493 is an authorized legislative limitation on the remedies available to a plaintiff who brings certain enumerated personal actions, Starns v. Emmons, 538 So.2d 275, 277 (La.1989).
“The prescriptive period applicable to an action is determined by the character of the action disclosed in the pleadings.” Fishbein v. State ex rel. Louisiana State University Health Sciences Center, 04-2482 (La.4/12/05); 898 So.2d 1260, 1265.
*120 In Grabert v. Iberia Parish School Board, 93-2715 (La.7/5/94); 638 So.2d 645, certain employees, who worked under four-year employment contracts with the Board, filed suit alleging that the Board had breached their respective contracts by underpaying them. Plaintiffs argued, and the court of appeals agreed, that their claims were for breach of contract, which were subject to a ten-year prescriptive period under La. C.C. art. 3499. However, the supreme court disagreed and found that a petition claiming breach of contract by the underpayment of wages was clearly a cause of action asserting the right to recover unpaid wages. The supreme court explained:
Breach of contract is not a free standing cause of action. It is a legal premise, or principle, which gives rise to the right to claim some substantive remedy at law. Here that remedy is the recovery of past due wages.... The nature of the claim (for under paid wages) is not something different because it arises out of breach of contract. The contract breached made provisions for the very wages sought.
Grabert, 638 So.2d at 646-47.
^Likewise, in the instant case, Dr. Brumberger’s petition claiming breach of contract was clearly a cause of action for the recovery of compensation for services rendered. Dr. Brumberger alleged he had a contract with Millennium to provide medical services. He then prayed for all sums due to him for the medical services he rendered. Although he claims he is only seeking replacement of checks that Millennium previously issued, Dr. Brum-berger is effectively seeking payment for services he rendered for which he was never compensated.
Courts have continuously rejected attempts to circumvent the three-year prescriptive period of Article 3494 by categorizing the entire action as one of breach of contract. See Touro Infirmary v. American Maritime Officer, 09-696 (La.App. 4 Cir. 1/7/10); 34 So.3d 878, 885, writ denied, 10-289 (La.4/9/10); 31 So.3d 395, citing Starns v. Emmons, 538 So.2d at 277 (La.1989); Dear v. Mobile, 93-1188 (La.App. 1 Cir. 5/20/94); 637 So.2d 745. The rationale is that all the actions enumerated in La. C.C. art. 3493 originate from contractual relationships. If these enumerated actions were broadly categorized as breach of contract claims, Article 3494 would be useless. Touro, 34 So.3d at 885, citing Starns, supra.
We find Dr. Brumberger’s reliance on Qayyum v. Morehouse General Hospital, 38,530 (La.App. 2 Cir. 5/12/04); 874 So.2d 371, to be misplaced. In Qayyum, M. Tahir Qayyum, A Professional Medical Corporation (PCM), entered into a contract with a hospital to operate a hospital-based family practice clinic by providing a full-time doctor, Dr. Qayyum, to work in the clinic. Under the contract, the hospital was to bill and collect all fees for services rendered by the PCM and maintain accounting records reflecting all services rendered and fees billed. The contract also provided that the hospital and the doctor would split any profits on a 10/90 basis, after all operating costs that included payment for the |fiphysician were paid. The contract further required the hospital to make a quarterly accounting of profits.
The PCM filed suit more than three years after termination of the contract seeking an accounting as required by one of the provisions of the contract. It alleged that the hospital breached its duty to provide the accounting information and to pay Dr. Qayyum 90% of the profits. The trial court sustained the hospital’s exception of prescription after finding the three-year prescriptive period of La. C.C. art. *121 3494 applied. The Second Circuit reversed, finding the trial court did not have enough evidence of an employment relationship, as opposed to a joint venture or special partnership, to apply Article 3494.
Relying on Qayyum, Dr. Brumberger argues that the issue of whether an employment relationship existed between him and Millennium must first be determined before applying the appropriate prescriptive period. However, unlike Qayyum, Plaintiff did not allege any facts that suggested a joint venture or special partnership existed between Dr. Brumberger and Millennium. More importantly,, Qayyum is distinguishable on the basis that Dr. Qayyum sought an accounting under the contract. The accounting and payment of a percentage of profits as indicated by the accounting were not related to compensation owed to Dr. Qayyum for services he rendered. Any payment owed to Dr. Qay-yum as compensation for services rendered was under a different portion of the contract relating to operating costs, and Dr. Qayyum’s petition did not seek specific performance of that portion of the contract. Accordingly, the rationale in Qay-yum does not apply to the present case.
Dr. Brumberger filed suit in April 2013 seeking compensation for services rendered five years earlier in 2008. Under the three-year prescriptive period of La. C.C. art. 3494, we find his claims against Defendants are prescribed.
| ^DECREE
For the foregoing reasons, we affirm the judgment of the trial court sustaining Defendants’ exception of prescription. Plaintiff is to bear the costs of this appeal.

AFFIRMED.

. A personal action is "one brought to enforce an obligation against the obligor, personally and independently of the property which he may own, claim, or possess.” La. C.C.P. art. 422.